UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………··X
AHMED HEGAZY, SHRIEF SROR, RAMIZ          :
SHEHATTA, WALID SOLTAN, AHMED             :
ABOUELKHAIR, and AHMED MONEIM on          :
behalf of themselves and all others similarly :
situated,                                 :
                                          :
                   Plaintiffs,            :         **22-cv-01880-LGS**
         v.                               :
                                          :
THE HALAL GUYS, INC., ALL 53 SW INC.,     :
NIGHT 53 SE INC., THE HALAL GUYS          :
FRANCHISE INC., ALTAWHID FOOD             :
SUPPLY INC., AHMED ELSAKA,                :
ABDELBASET ELSAYED, MOHAMED               :
ABOUELENEIN a/k/a MOHAMMED                :
ABOUELENEIN, AHMED ABOUELENEIN, and       :
ABDULLAH ABOUELENEIN,                     :
                                          :
                   Defendants.            :
………………………………………… X


## <u>DECLARATION OF DAVID HARRISON</u>

I, David Harrison, under penalty of perjury affirm as follows:

1.  I am the managing partner of Harrison, Harrison & Associates, Ltd. ("HHA"), Plaintiffs' attorneys in the above-captioned matter. I am familiar with the facts and circumstances set forth herein.

2.  Plaintiffs filed the original Complaint in this action on March 4, 2022. The parties have exchanged initial disclosures but, as of yet, no discovery has been exchanged.

3.  Prior to the filing of the Complaint, the Parties had spent over a year attempting to resolve their dispute prior to litigation. Attached hereto as Exhibit 1 is a true and correct copy of the parties last tolling agreement, dated January 25, 2022, signed by the parties in this case.

4.  Attached hereto as Exhibit 2 is a proposed Notice of this collective action.

5.  Attached hereto as Exhibit 3 is a proposed Consent to Join Lawsuit Form.

6.   HHA is a law firm dealing almost exclusively with employee rights.  Specifically, the firm represents employees in wage/hour and employment discrimination matters, including numerous class and collective actions.

7.   Over the last decade, HHA has been appointed class/collective counsel in numerous FLSA wage and hour collective/class actions.  *See e.g. Andy Gil et. al. v. Pizzarotti, LLC. et. al.*, No. 19-CV-03497 (MKV) (S.D.N.Y., Mar. 31, 2022) (certifying FLSA collective and appointing David Harrison and Julie Salwen counsel for the FLSA collective in a FLSA/NYLL case involving 42 construction workers); *Ahmed Elshamy et. al. v. The Halal Guys, Inc. et. al.*, No. 18-CV-03468 (AT) (S.D.N.Y., Aug. 27, 2018) (conditionally certifying FLSA collective and appointing David Harrison and Julie Salwen counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Malik Payano et. al. v. Burberry Limited*, 15-CV-10178 (SN) (S.D.N.Y., August 7, 2017) (appointing David Harrison of HHA Class Counsel and granting preliminary approval of $2.54 million FLSA collective and class action settlement); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016) (appointing David Harrison and Julie Salwen as class counsel in a FLSA/NYLL case involving approximately 950 certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW) (AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison class counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.*, No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison class counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592 (MAS) (TJB) (D.N.J. March 17, 2015) (granting final approval of class action settlement involving 412 class members); *Kevin Royer et. al. v. J.P. Morgan Chase & Co., et. al.*, No. 11-cv-08205 (RLE) (S.D.N.Y., November 3, 2014)

(granting final approval of $16 million FLSA collective and class action settlement); *Errol K. Roberts et. al. v. Sterling Mets, L.P., et. al.*, No. 11-CV-3778 (KAM) (VMS) (E.D.N.Y., June 14, 2013) (granting final approval of wage and hour settlement and certification of settlement class in class action involving 1,294 class members). Courts have recognized that HHA "has substantial experience in wage and hours cases…" *See e.g.* April 6, 2018 Order in *Galanti et. al. v. CMS Mid-Atlantic, Inc.., et. al.*, No. 16-cv-9319 (SDW) (LDW) (D.N.J.) (finding "that Plaintiffs' counsel David Harrison and Julie Salwen of Harrison, Harrison & Associates are experienced wage and hour litigators.").

8. HHA is willing and able to commit the necessary resources to represent the putative Collective and Class in this case.

Dated: May 26, 20212

 /s/ DAVID HARRISON
David Harrison

# EXHIBIT "1"

# TOLLING AGREEMENT EXTENSION

This agreement is entered into by AHMED HEGAZY, on behalf of himself and other present and former hourly, non-exempt employees of Defendants who are determined by the Court to be similarly situated, including but not limited to Shrief Sror, Walid Soltan, Ramiz Shehatta, Ahmed Abouelkhair, and Ahmed Moneim ("HEGAZY") and THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC., ALTAWHID FOOD SUPPLY INC., AHMED ELSAKA, ABDELBASET ELSAYED, MOHAMED ABOUELENEIN, AHMED ABOUELENEIN, and ABDULLAH ABOUELENEIN ("Defendants").

WHEREAS, HEGAZY and the Defendants previously entered into a Tolling Agreement tolling the Statute of Limitations for claims set forth in the Draft Complaint from February 8, 2021 through March 10, 2021;

WHEREAS, HEGAZY and the Defendants previously entered into a second Tolling Agreement tolling the Statute of Limitations for claims set forth in the Draft Complaint from March 11, 2021 through April 10, 2021; and

WHEREAS, HEGAZY and the Defendants previously entered into a third Tolling Agreement tolling the Statute of Limitations for claims set forth in the Draft Complaint from April 10, 2021 through June 10, 2021; and

WHEREAS, HEGAZY and the Defendants previously entered into a fourth Tolling Agreement tolling the Statute of Limitations for claims set forth in the Draft Complaint from June 10, 2021 through July 23, 2021;

WHEREAS, HEGAZY and the Defendants previously entered into a sixth Tolling Agreement tolling the Statute of Limitations for claims set forth in the Draft Complaint from July 23, 2021 to November 6, 2021;

1

WHEREAS, HEGAZY and the Defendants wish to extend the Tolling Period through February 28, 2022 to continue settlement negotiations;

NOW THEREFORE, it is mutually agreed by HEGAZY and Defendants as follows:

1.      The Terms set forth in the Tolling Agreement previously executed by HEGAZY and the Defendants shall remain in effect and fully incorporated into this Tolling Agreement Extension by reference.

2.      The Tolling Period shall be extended through February 28, 2022.

3.      Hegazy agrees that during the Tolling Period he will not commence any legal action in federal or state court or before any administrative agency.

4.      This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission.

| AHMED HEGAZY, on behalf of himself and all other present and former hourly, non-exempt employees of Defendants. | THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC., ALTAWHID FOOD SUPPLY INC., |
|---|---|
| By: _____ | By: _Mohamed Abouelenein_ |
| Name: _____ | Name: Mohamed Abouelenein |
| DATED: _____ | DATED: 1/25/2022 |

_Ahmed Elsaka_
AHMED ELSAKA

_Abdelbaset Elsayed_
ABDELBASET ELSAYED

_Mohamed Abouelenein_
MOHAMED ABOUELENEIN

2

DocuSigned by:

*Ahmed Abouelenein*

AHMED ABOUELENEIN

DocuSigned by:

*Abdallah Abouelenein*

ABDULLAH ABOUELENEIN

3

WHEREAS, HEGAZY and the Defendants wish to extend the Tolling Period through February 28, 2022 to continue settlement negotiations;

NOW THEREFORE, it is mutually agreed by HEGAZY and Defendants as follows:

1.      The Terms set forth in the Tolling Agreement previously executed by HEGAZY and the Defendants shall remain in effect and fully incorporated into this Tolling Agreement Extension by reference.

2.      The Tolling Period shall be extended through February 28, 2022.

3.      Hegazy agrees that during the Tolling Period he will not commence any legal action in federal or state court or before any administrative agency.

4.      This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission.

AHMED HEGAZY, on behalf of himself and all other present and former hourly, non-exempt employees of Defendants.

By: _____

Name: _____

DATED: __1/25/2022__

_____
AHMED ELSAKA

_____
ABDELBASET ELSAYED

_____
MOHAMED ABOUELENEIN

THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC., ALTAWHID FOOD SUPPLY INC.,

By: _Mohamed Abouelenein_
D7D19D1E4BD14C4...

Name: Mohamed Abouelenein

DATED: 1/25/2022

2

61784649;2

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**----------------------------------------------------------x**
*AHMED HEGAZY, et al. v. THE HALAL GUYS,INC. et al.*

**NOTICE OF**
**WAGE & HOUR LAWSUIT**

Docket No: CIV. NO. 22-cv-01880 (LGS)

### TO: ALL INDIVIDUALS WHO HAVE WORKED FULL-TIME AS A FOOD CART OR RESTAURANT WORKER FOR DEFENDANTS AT ANY TIME FROM FEBRUARY 12, 2018.

- This notice may affect your legal rights. This is <u>not</u> a solicitation from a lawyer.  Plaintiffs AHMED HEGAZY and RAMIZ SHEHATTA, (the "FLSA Plaintiffs") were employed by THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC., THE HALAL GUYS FRANCHISE INC., ALTAWHID FOOD SUPPLY INC., AHMED ELSAKA, ABDELBASET ELSAYED, MOHAMED ABOUELENEIN, AHMED ABOUELENEIN, and ABDULLAH ABOUELENEIN ("The Halal Guys" or "Defendants").    Together with SHRIEF SROR, WALID SOLTAN, AHMED ABOUELKHAIR, and AHMED ABDELMONEIM, they have brought this lawsuit on behalf of themselves and other current and former full-time food server/food vendors who worked at The Halal Guys' food carts and restaurant stores to seek payment of allegedly unpaid overtime wages.  You may be owed overtime wages if you worked full-time as a food server/food vendor for The Halal Guys at their food carts or restaurant stores in New York City at any time from February 12, 2018 through the present.

- Defendants deny any wrongdoing and/or liability and deny that any individual is owed overtime wages under the Federal Fair Labor Standards Act ("FLSA") or under the New York Labor Law ("NYLL").

- Receipt of this notice does not indicate an entitlement to recovery. No determination has been made that you are owed any overtime wages, and the Court is not endorsing the merits of this lawsuit or advising you to participate in the lawsuit. You are under no obligation to respond to this notice.

### 1. WHY DID I GET THIS NOTICE?

The purpose of this notice is to inform you of the existence of this collective action lawsuit, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit.

### 2. WHAT IS THIS LAWSUIT ABOUT?

This lawsuit is about:

Whether Defendants violated the FLSA and/or NYLL by failing to record and pay overtime wages in any week to individuals who worked for Defendants as a food sever/food vendors at their food carts and/or restaurant stores.

You may have claims under the FLSA that date from February 12, 2018 to the present, and/or claims under the NYLL that date from April 20, 2014 to the present.

The Defendants deny that they violated the FLSA and/or NYLL in any way.  They contend that these individuals were properly paid.

The court has not yet decided who is correct.

### 3. HOW DO I JOIN THIS LAWSUIT?

If you would like to join this lawsuit, you must sign and promptly return the enclosed "Consent to Join Lawsuit" Form by _____2022.  An addressed and postage-paid envelope is enclosed for your convenience.  Should the enclosed envelope be lost or misplaced, the Consent to Join Lawsuit Form must be sent to:

**Harrison, Harrison & Associates, Ltd.**
**RE: The Halal Guys WAGE AND HOUR LITIGATION**
**110 Highway 35, Suite 10**
**Red Bank, NJ 07701**

You may also 1) email the completed Consent to Join Lawsuit Form to the FLSA Plaintiffs' attorneys at **dharrison@nynjemploymentlaw.com**, or 2) fax it to (718) 799-9171.

**YOU MUST FILE A CONSENT TO JOIN LAWSUIT FORM TO JOIN THIS LAWSUIT.**

If you do not sign and return the Consent to Join Lawsuit Form by _____2022 you may not be able to participate in the FLSA portion of this lawsuit.

### 4. WHAT HAPPENS IF I JOIN THE LAWSUIT?

If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment. You will also share in any proceeds from a settlement or judgment. While this lawsuit is pending, you may be asked to provide oral or written discovery with respect to your claim.  To join this lawsuit, you must sign and promptly return the enclosed "Consent to Join Lawsuit" Form by _____2022.

### 5. WHAT HAPPENS IF I DO NOTHING OR WANT TO STAY OUT OF THE LAWSUIT?

If you choose not to join this lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the case in any way and therefore will not be entitled to share in any amounts recovered by the FLSA Plaintiffs if they are successful in obtaining an award from a trial or settlement of this lawsuit.  You will also not be affected by any ruling, judgment or settlement rendered in this lawsuit.  You have the right to retain your own counsel to represent you and to file an independent lawsuit.  However, if you hire your own attorney, you may be responsible for paying that attorney.  You should also be aware that federal wage and hour law limits claims by either a two or three year statute of limitations.  Delay in joining this action or proceeding separately may result in some or all of your potential claims expiring as a matter of law.

## 6. WHAT ARE THE FLSA PLAINTIFFS SEEKING?

The FLSA Plaintiffs are seeking to recover unpaid overtime wages.  The FLSA Plaintiffs are also seeking liquidated damages, attorneys' fees and costs.

## 7. WILL I HAVE A LAWYER IN THIS CASE?

If you choose to join this lawsuit, you have the right to be represented by counsel of your own choosing.  If you retain your own counsel, you must make your own financial arrangements with your attorney.

If you do not appoint your own attorney, you will be represented by the FLSA Plaintiffs' attorneys who are: David Harrison, Esq. and Julie Salwen, Esq. and other lawyers at Harrison, Harrison & Associates, Ltd., located at 90 Broad Street, 2nd Floor, New York, NY 10004, and at 110 Highway 35, Red Bank NJ 07701, telephone (888) 239-4410.

If you are represented by Harrison, Harrison & Associates, Ltd., any attorneys' fees will be paid out of any recovery that is obtained.  If there is a recovery, the fees may be part of a settlement obtained or money judgment entered in favor of the FLSA Plaintiffs, or may be ordered by the court to be paid by Defendants, or may be a combination of both.  If you are represented by Harrison, Harrison & Associates, Ltd., and the FLSA Plaintiffs do not recover anything in this lawsuit, you will not have to pay any attorneys' fees.

## 8. CAN DEFENDANTS RETALIATE AGAINST ME FOR JOINING THIS LAWSUIT?

The FLSA and NYLL prohibit Defendants from firing, disciplining, or in any manner discriminating or retaliating against you because you "opt-in" to this case, or have in any other way exercised your rights under the FLSA or NYLL.

## 9. WHAT IF I STILL HAVE QUESTIONS?

If you still have questions about this lawsuit, or would like further information about this notice or the deadline for filing a Consent to Join Lawsuit Form, you can contact David Harrison, Esq. or Julie Salwen, Esq. of Harrison, Harrison & Associates, Ltd., at (888) 239-4410.

You may also email any questions to the FLSA Plaintiffs' attorneys at **dharrison@nynjemploymentlaw.com**

PLEASE DO NOT CONTACT THE CLERK OF THE COURT WITH QUESTIONS INVOLVING THIS LAWSUIT

Date of Mailing: _____2022

# EXHIBIT "3"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
*AHMED HEGAZY, et al. v. THE HALAL GUYS, Inc. et al.*

**CONSENT TO JOIN LAWSUIT**
**FORM**

Docket No: CIV. NO. 22-cv-01880 (LGS)

I, the undersigned, whom the Halal Guys employed as a full-time food server/food vendor at their food carts or restaurant stores in New York City at any time between February 12, 2018, and the present, hereby consent to be a party plaintiff in the above captioned lawsuit (or, if due to unforeseen procedural matters, any subsequent related suit), which is an action to recover overtime compensation not paid pursuant to the requirements of the Fair Labor Standards Act ("FLSA").

By my signature below, I designate the FLSA Plaintiffs, Ahmed Hegazy and Ramiz Shehatta, and their attorneys as my representatives to make decisions on my behalf concerning the litigation, the manner and method of conducting this litigation, and decisions regarding settlement, attorneys' fees and costs and all other matters pertaining to this lawsuit.  I understand that while I have the right to choose other counsel and to pursue my claims on my own behalf, I choose to be represented by Harrison, Harrison & Associates, Ltd, and other attorneys with whom they may associate.

By signing below I, _____ (Print Name), consent to participate in this lawsuit.

Signature: _____        Date: _____

Address:_____City/State/Zip: _____

Phone Number: (_____)_____E-mail:_____@_____

THE LAST DAY TO FILE THIS CONSENT TO JOIN FORM IS _____2022. *CONSENT FORMS FILED AFTER _____, 2022 WILL BE REJECTED UNLESS GOOD CAUSE IS SHOWN FOR THE DELAY.*

IF YOU WISH TO SEEK RECOVERY OF OVERTIME UNDER THE FLSA, YOU MUST COMPLETE THIS FORM AND MAIL IT POSTMARKED BY _____, 2022 TO:

**Harrison, Harrison & Assoc., Ltd.**
**110 State Highway 35, Suite 10**
**Red Bank, NJ 07701**

ALTERNATIVELY, YOU CAN FAX or EMAIL THIS FORM BY _____, 2022 TO:
**(718)-799-9171** (**FAX**) OR **dharrison@nynjemploymentlaw.com** (**EMAIL**).

If you fail to mail, fax, or email a signed Consent Form by _____, 2022, you may not be eligible to participate in the FLSA portion of this lawsuit.

**QUESTIONS? CONTACT:**
**David Harrison, Esq. or Julie Salwen, Esq. at (888) 239-4410**