UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·X
AHMED HEGAZY, SHRIEF SROR, RAMIZ　　　　　:
SHEHATTA, WALID SOLTAN, AHMED　　　　　　 :
ABOUELKHAIR, and AHMED MONEIM on　　　　 :
behalf of themselves and all others similarly　　 :　　　　**Index No.  1:22-cv-01880**
situated,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiffs,　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
THE HALAL GUYS, INC., ALL 53 SW INC.,　　　 :
NIGHT 53 SE INC., THE HALAL GUYS　　　　　 :
FRANCHISE INC., ALTAWHID FOOD　　　　　　 :
SUPPLY INC., AHMED ELSAKA,　　　　　　　 　:
ABDELBASET ELSAYED, MOHAMED　　　　　　 :
ABOUELENEIN a/k/a MOHAMMED　　　　　　　:
ABOUELENEIN, AHMED ABOUELENEIN, and　　 :
ABDULLAH ABOUELENEIN,　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　　 :
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·X


**PLAINTIFFS' MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'
OPPOSITION AND IN FURTHER SUPPORT OF THEIR MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION PURSUANT TO 29 U.S.C. § 216(b)**


**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410

*Attorneys for Plaintiffs, proposed collective
action members, and proposed class*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

**I.     PRELIMINARY STATEMENT** ................................................................................. 1

**II.    COLLECTIVE CERTIFICATION** ............................................................................ 2

**A.    Defendants Constitute a Single Integrated Enterprise, Functioning as a Single Employer** ............................................................................................................................ 2

**B.    Defendants Misstate the Legal Standard for Conditional Certification** ......................... 3

**C.    Plaintiffs and Potential Collective Members, as Victims of a Common Scheme to Deny Them Overtime and Pay for All Hours Worked, Are Similarly Situated** .............................. 5

**D.    Plaintiffs Have Submitted More than Enough Evidence for Conditional Collective Certification** ...................................................................................................................... 7

**E.    Arbitration** .................................................................................................................. 9

**i.     The Arbitration Agreements Should Be Invalidated Because Defendants Failed to Inform Employees of the Instant Litigation** ............................................................................ 9

**ii.    Courts in this Circuit Provide Notice to Employees Who Have Signed Arbitration Agreements** .......................................................................................................................... 10

**III.   FORM AND METHOD OF NOTICE** ...................................................................... 11

**A.    Defendants' Proposed Modifications to the Notice Are Not Appropriate** .................... 11

**B.    Consent Forms Should Not Be Sent to the Courthouse** .............................................. 12

**C.    Defendants Edits to Sections 1, 2, 4 and 5 of the Notice Are Confusing and Redundant** 12

**D.    Sixty (60) Days to File Consent Forms is Appropriate** .................................................. 13

**E.    Inasmuch as the Goal of FLSA Collective Notice Is to Ensure that Collective Members Are Notified about Their Rights, Notice and Consent Forms Should Be Sent Out Via Mail, Text Message, and Email and Posted at Places of Work** ........................................................ 13

**F.    The Court Should Authorize Plaintiffs to Send Reminder Notices** .............................. 14

**IV.   CONCLUSION** ........................................................................................................ 15

i

## TABLE OF AUTHORITIES

**CASES**                                                             **Page(s)**

*Adami v. Cardo Windows, Inc.*,
299 F.R.D. 68 (D.N.J. 2014) ................... 11

*Amendola v. Bristol-Myers Squibb Co.*,
558 F. Supp. 2d 459 (S.D.N.Y. 2008) ................... 4-5

*Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*,
274 F.2d 805, (2d Cir. 1960) ................... 11

*Benavides v. Serenity Spa NY Inc.*,
166 F.Supp.3d 474, 483 (S.D.N.Y. 2016) ................... 7

*Bittencourt v. Ferrara Bakery & Cafe Inc.*,
310 F.R.D. 106 (S.D.N.Y. 2015) ................... 14

*Chen v. Dun Huang Corp.*,
19-CV-11883 (GBD)(BCM), 2021 WL 5234421 (S.D.N.Y. Nov. 8, 2021) ................... 14

*Cheng v. Via Quadronno LLC*,
20-cv-8903 (LJL), 2021 WL 4319569 (S.D.N.Y. Sept. 23, 2021) ................... 7, 12

*Chhab v. Darden Rests., Inc.*,
11-cv-08345, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sept. 19, 2013) ................... 15

*Contrera v. Langer*,
278 F.Supp.3d 702, 715 (S.D.N.Y. 2017) ................... 3

*Cruz v. Ham N Eggery Inc.*,
CV 2015-3228 (JBW)(MDG), 2016 WL 4186967 (E.D.N.Y. Aug. 8, 2016) ................... 3

*Diaz v. Elecs. Boutique of Am., Inc.*,
No. 04-CV-0840E (SE), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) ................... 3 n.5, 10

*Diaz v. New York Paving Inc.*,
340 F.Supp.3d 372 (S.D.N.Y., 2018) ................... 7, 12

*Djurdjevich v. Flat Rater Movers, Ltd.*,
17-cv-261 (AJN), 2019 WL 125888 (S.D.N.Y. Jan. 7, 2019) ................... 12

*Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*,
No. 1:21-CV-21733-KMM, 2021 WL 5763577 (S.D. Fla. Dec. 3, 2021) ................... 11

*Guaman v. 5 M Corp.*,
No. 13–CV–03820, 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) ................... 7

ii

*Gauman v. DL Restaurant Development LLC*,
   No. 14 Civ. 2587(RWS), 2015 WL 6526440 (S.D.N.Y. Oct. 27, 2015) ..................... 8-9

*Gui Zhen Zhu v. Matsu Corp*,
   424 F.Supp.3d 253, 271–72 (D. Conn. 2020) ............................................................ 12-13

*Guillen v. Marshalls of MA, Inc.*,
   841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012) ................................................................ 3 n.5

*Guzelgurgenli v. Prime Time Specials Inc.*,
   883 F.Supp.2d 340 (E.D.N.Y. 2012) ............................................................................ 14

*In re Titanium Dioxide Antitrust Litig.*,
   962 F. Supp. 2d 840 (D. Md. 2013) .............................................................................. 11

*Jung v. Gina Group, LLC*,
   No. 19-cv-8624 (MKV), 2021 WL 4120642 (S.D.N.Y. Sept. 9, 2021 ...................... 3 n.5

*Krstic v. J.R. Contracting & Envtl. Consulting*,
   No. 09-cv-2459 (PGS), 2010 WL 395953 (D.N.J. Feb. 4, 2010) ................................. 11

*Lanqing Lin v. Everyday Beauty Amore Inc.*,
   No. 18-CV-729 (BMC), 2018 WL 6492741 (E.D.N.Y. Dec. 10, 2018) ...................... 11

*Levinson v. Primedia Inc.*,
   No. 02 Civ. 222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003)................... 3 n.5

*Lijun Geng v. Shu Han Ju Restaurant II Corp.*,
   18-cv-12220 (PAE)(RWL), 2019 WL 4493428 (S.D.N.Y. Sept. 9, 2019) ................ 10

*Lloyd v. J.P. Morgan Chase & Co.*,
   Nos. 11 Civ. 9305(LTS), 12 Civ. 2197(LTS), 2013 WL 4828588
   (S.D.N.Y. Sept. 9, 2013).................................................................................................. 5

*Manfredo v. VIP Auto Group of Long Island, Inc.*,
   CV 20-3728 (MKB)(AYS), 2021 WL 4958907 (E.D.N.Y. Oct. 26, 2021) ............... 5, 7, 8

*Marin v. Apple-Metro, Inc.*,
   No. 12 CV 5274, 2014 WL 11035376 (E.D.N.Y. July 29, 2014) ............................... 5

*Mark v. Gawker Media LLC*,
   No. 13–cv–4347 (AJN), 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014) ...................... 13

*Martinenko v. 212 Steakhouse Inc.*,
   22-cv-518 (LJL), 2022 WL 1227140 (S.D.N.Y. Apr. 26, 2022)............................... 5,7,12,13

*Martinez v. JVA Industries Inc.*,
   20-cv-7977 (LJL), 2021 WL 1263133 (S.D.N.Y. Apr. 6, 2021) ................................. 9

*McLean v. Cornucopia Logistics*,
   LLC, No. CV 19-0864 (JS)(AYS), 2021 WL 3709260 (E.D.N.Y. Aug. 20, 2021) .... 11

*Mei Rong Du v. Dingxiang Inc.*,
   19-CV-11924 (JPO) (BCM), 2020 WL 7404984 (S.D.N.Y. Dec.17, 2020) .............. 15

*Mike v. Safeco Ins. Co. of Am.*,
   274 F Supp. 2d 216 (D. Conn. 2003)............................................................... 11

*Mongiove v. Nate's Corp.*,
   15-CV-1024 (NGG) (RML), 2016 WL 590460 (E.D.N.Y. Feb. 9, 2016)................... 2, 3

*Myers v. Hertz Corp.*
   624 F.3d 537 (2d Cir. 2010)........................................................................... 3, 4

*Pablo v. ServiceMaster Glob. Holdings Inc.*, No. C 08–03894 SI, 2011 WL 3476473
   (N.D. Cal. Aug. 9, 2011)................................................................................. 11

*Prizmic v. Armour*,
   No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 (E.D.N.Y. June 12, 2006)......... 3 n.5

*Qing Tian Zhuo v. Jia Xing 39th Inc.*,
   No. 14-Cv-2848, 2015 WL 1514950 (S.D.N.Y. Apr. 1, 2015) ................................. 8

*Romero v. La Revise Associates*,
   L.L.C., 968 F. Supp. 2d 639 (S.D.N.Y. 2013) ............................................... 10

*Ruiz v. Truffa Pizzeria & Wine Room Corp.*,
   20-cv-8645 (LJL), 2021 WL 568249 (S.D.N.Y. Feb. 15, 2021) ................................ 8

*Rosario v. Valentino U.S.A., Inc.*,
   1:19-cv-11463-MKV, 2021 WL 4267634 (S.D.N.Y. Sept. 20, 2021) ...................... 3 n.5

*Seever v. Carrols Corp.*,
   528 F. Supp. 2d 159 (W.D.N.Y. 2007) ............................................................. 11

*Shillingford v. Astra Home Care, Inc.*,
   293 F. Supp. 3d 401 (S.D.N.Y. 2018)................................................................. 5

*Spann v. AOL Time Warner, Inc.*,
   219 F.R.D. 307 (S.D.N.Y. 2003) ..................................................................... 11

*Stewart v. Hudson Hall LLC*,
   No. 20 Civ. 885 (PGG) (SLC), 2021 WL 6285227 (S.D.N.Y. Nov. 29, 2021)........... 4

*Trinidad v. Pret A Manger (USA) Ltd.*,
   962 F.Supp.2d 545 (S.D.N.Y. 2013)................................................................. 14

*Yuefeng Shi v. TL & CG Inc.*,
   19-CV-08502 (SN), 2020 WL 4586359 (S.D.N.Y. Aug. 10, 2020).......................... 15

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011)............................................................... 14

*Zaniewski v. PRRC Inc.*,
 848 F. Supp. 2d 213 (D. Conn. 2012)...........................................................................   3

## I.    PRELIMINARY STATEMENT[1]

Plaintiffs Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Walid Soltan, Ahmed Abouelkhair, and Ahmed Abdelmoneim[2] (collectively, "Plaintiffs") and the other Food Server/ Food Vendors who worked for Defendants are all victims of Defendants' scheme to illegally deprive their employees of overtime pay and pay for all of the hours that they worked.   In particular, during the FLSA limitations period, Defendants violated the FLSA, by not paying Plaintiffs Ahmed Hegazy and Ramiz Shehatta (collectively the "FLSA Representative Plaintiffs")[3] overtime for all the many hours over forty (40) that they worked each week.   As victims of a common illegal scheme to deprive them of overtime, the FLSA Representative Plaintiffs and the other Food Server/ Food Vendors employed by Defendants to work at their New York City food carts and restaurants are similarly situated and Plaintiffs' motion for conditional certification and notice to the collective should be granted.

In Defendants' Brief, Duefendants attempt to show differences between Plaintiffs and other Food Server/ Food Vendors, but these differences are either inaccurate, misleading, or not relevant at this stage.   For example, Defendants depend on cases with claims that the putative collective was misclassified – either as exempt from overtime or as independent contractors – even though the inquiry in those cases is different from the inquiry in this case where all the

---

[1] Plaintiff relies on the declarations of Plaintiffs Ahmed Hegazy, ECF No. 29 ("Hegaszy Decl."), Ramiz Shehatta, ECF No. 30 ("Shehatta Decl."), Ahmed Abouelkhair, ECF No. 31 ("Abouelkhair Decl."), and Ahmed Abdelmoneim, ECF No. 32 ("Abdelmoneim Decl."). In addition, Plaintiffs rely on their Amended Complaint dated April 28, 2022, ECF No. 20 ("Am. Compl."). Plaintiffs also cite to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification, ECF No. 40 ("Def.s' Br.") and the Declaration of Ahmed Abouelenein, ECF No. 39 ("Abouelenein Decl.")

[2] Plaintiff Ahmed Abdelmoneim's surname was mistakenly given as "Moneim," instead of "Abdelmoneim," in the caption to this action.  Plaintiffs will be correcting the caption to reflect Mr. Abdelmoneim's accurate surname.

[3] Plaintiffs Schrief Sror and Ahmed Abdelmoneim are not members of the FLSA Collective because Plaintiff Sror's employment with Defendants ended before the start of the FLSA limitations period and Plaintiff Abdelmoneim was misclassified as an exempt employee.  Plaintiffs Walid Soltan and Ahmed Abouelkhair only have minimal FLSA claims, Plaintiff Soltan because he left Defendants' employ shortly after the start of the FLSA limitations period and Plaintiff Abouelkhair because he switched to part-time shortly after the start of the FLSA limitations period—although they each have significant NYLL claims.

members of the potential collective are hourly employees.  *See Mongiove v. Nate's Corp.*, 15-CV-1024 (NGG) (RML), 2016 WL 590460, at \*5 (E.D.N.Y. Feb. 9, 2016) (noting the distinction when the claims are ones of misclassification).   "'An objection at this preliminary stage to conditional classification based upon individual employees' asserted different circumstances is clearly part of the FLSA defense bar's play book, but it has not found favor with the courts, and it does not persuade this Court in this case. This is the sort of issue that is more properly considered on a more complete record.'" *Id.* (quoting *Zaniewski v. PRRC Inc.*, 848 F. Supp. 2d 213, 230 (D. Conn. 2012).

## II.   COLLECTIVE CERTIFICATION

### A. Defendants Constitute a Single Integrated Enterprise, Functioning as a Single Employer

Defendants attempt to suggest that Plaintiffs are not similarly situated because they were employed by different entities among the Defendants and one entity that was not named in Plaintiffs' Amended Complaint.[4]  (Def.s' Br. 1 n.1.)  However, Defendants' very insistence that the Plaintiffs were employed by different entities shows that Defendants functioned as a single employer.

The employment of Plaintiff Walid Soltan is a case in point.  Although Defendants claim that Plaintiff Soltan was employed by Day 53 SE Inc. (Def.s' Br. 1 n.1.), they paid him in envelopes that showed that he was paid by Defendant The Halal Guys, Inc. some weeks and by Defendant Altawhid Food Supply Inc. other weeks.  (Am. Compl. ¶ 54.)  Furthermore, Plaintiff Soltan regularly worked Saturday nights from 7:00 pm until 5:00 am at one of Defendants' food carts located on 53rd Street in Manhattan (Am. Compl. ¶¶ 135, 137)—the same shift and food carts at which Plaintiffs Hegazy and Sror worked (Am. Comp. ¶¶ 106-08, 117, 120-21).  Although Plaintiff Soltan was assigned to work with Plaintiffs Hegazy and Sror, Defendants state

---

[4] Plaintiffs intend to amend their complaint to add the entity that Defendants claim employed Plaintiff Walid Soltan – Day 53 SE Inc. – as a defendant.

2

that each of them was employed by a different entity—Plaintiff Hegazy by Defendant All 53 SW Inc. and Plaintiff Sror by Defendant Night 53 SE Inc.  (Ahmed Abouelenein Decl. ¶¶ 6-7.) Moreover, although Plaintiff Hegazy regularly worked at Defendants' food cart located at the intersection of 53rd Street and 6th Avenue in Manhattan (Am. Compl. ¶ 106), he also worked at Defendants' other three food carts located on 53rd Street (Hegazy Decl. ¶ 4), including the food cart located at the intersection of 53rd Street and 7th Avenue where Plaintiff Sror regularly worked (Am. Compl. ¶ 117).  Thus the various Defendant businesses functioned as a single employer and assigned Food Server/ Food Vendors interchangeably.

The Court does not need to decide the issue of whether Defendants constitute a single integrated enterprise at this early pre-discovery stage to conditionally certify a collective.  "The test for conditional certification does not ask a court to definitively resolve who may be the plaintiffs' employer or what policies that employer has instituted." *Contrera v. Langer*, 278 F.Supp.3d 702, 715 (S.D.N.Y. 2017).  "If the "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,' the court may authorize that notice be sent." *Cruz v. Ham N Eggery Inc.*, CV 2015-3228 (JBW)(MDG), 2016 WL 4186967, at * (E.D.N.Y. Aug. 8, 2016) (quoting *Myers v, Hertz Corp.*, 624 F.3d 527, 555 (2d Cir. 2010)).

### B.  Defendants Misstate the Legal Standard for Conditional Certification

Although the issues in misclassification cases are different than the issues in a case like the present case where the plaintiffs are hourly employees, when defining the legal standard for certification, Defendants cite a series of cases, many of them old, where the issue is misclassification.[5]  *See Mongiove v. Nate's Corp.*, 15-CV-1024 (NGG) (RML), 2016 WL

---

[5] *Diaz v. Elecs. Boutique of Am., Inc.,* No. 04-CV-0840E (SE), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005); *Rosario v. Valentino U.S.A., Inc.,* 2021 WL 4267634 (S.D.N.Y. Sept. 20, 2021); *Levinson v. Primedia Inc.,* No. 02 Civ. 222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003); *Jung v. Gina Group, LLC,* 2021 WL 4120642, at *3-4 (S.D.N.Y. Sept. 9, 2021); *Guillen v. Marshalls of MA, Inc.,* 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012); *Prizmic v. Armour,* No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 (E.D.N.Y. June 12, 2006).

590460, at *5 (E.D.N.Y. Feb. 9, 2016) (noting the distinction when the claims are ones of misclassification). Even more troubling, although the Second Circuit has explicitly rejected conflating the standard for Rule 23 opt-out classes and conditional certification of FLSA opt-in collectives, Defendants cite to a case where Rule 23 class certification was denied, *Stewart v. Hudson Hall LLC*, No. 20 Civ. 885 (PGG) (SLC), 2021 WL 6285227 (S.D.N.Y. Nov. 29, 2021) (Def.'s Br. 10), In *Myers v. Hertz Corp.*, the Second Circuit determined that the standard for conditional certification of a FLSA collective was so different from the standard for certification of a Rule 23 class that it could not exercise pendant jurisdiction to review a denial of conditional certification under the FLSA when deciding an interlocutory appeal of a denial of Rule 23 class certification. 624 F.3d 537, 555-56 (2d Cir. 2010) (ruling that the question of conditional FLSA certification "is quite distinct from the question whether plaintiffs have satisfied the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes in the eventual action.").

Likewise, Defendants quote a discredited case, decided before *Myers*, *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008), for the proposition rejected by the Second Circuit, that similarly to ruling on a motion for Rule 23 class certification, a court considers whether the Defendant "will likely succeed at trial" when deciding a motion for conditional collective certification. As Judge Swain explained:

> This Court declines to follow *Amendola v. Bristol–Myers Squib*, 558 F.Supp.2d 459 (S.D.N.Y.2008), which, citing the standard established by the Second Circuit for Rule 23 class certification decisions, conducted an analysis of the parties' likelihood of success on the merits in denying conditional FLSA certification. The Second Circuit's subsequent decision in *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir.2010), clarified the continued vitality of the lower, "some showing" standard for initial FLSA notice determinations. *See, e.g.*, *Cunningham v. Electronic Data Systems Corp.*, 754 F.Supp.2d 638, 645–46 (S.D.N.Y.2010) (declining to follow *Amendola*); *Stevens v. HMSHost Corp.*, No. 10 Civ. 3571, 2012 WL 4801784, at *2 n. 5 (E.D.N .Y. Oct. 10, 2012) ("*Amendola* has been soundly rejected within this circuit").

4

*Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305(LTS), 12 Civ. 2197(LTS), 2013 WL 4828588, at \*4 n.6 (S.D.N.Y. Sept. 9, 2013).

At the conditional collective certification phase, courts should not make determinations on the merits. *Martinenko v. 212 Steakhouse Inc.*, 22-cv-518 (LJL), 2022 WL 1227140, at \* 5(S.D.N.Y. Apr. 26, 2022) ("'[a]t this stage, the Court ought not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'") (quoting *Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018); *see also Manfredo v. VIP Auto Group of Long Island, Inc.*, CV 20-3728 (MKB)(AYS), 2021 WL 4958907, at \*5 (E.D.N.Y. Oct. 26, 2021) ("At this stage however, Defendants' opposition papers serve only to create a question of fact; they do not, as a matter of law, defeat the motion for conditional certification as 'the merits of plaintiff['s] claims are not at issue on a motion for conditional certification.'") (quoting *Marin v. Apple-Metro, Inc.*, No. 12 CV 5274, 2014 WL 11035376, at \*7 (E.D.N.Y. July 29, 2014)).

### C. Plaintiffs and Potential Collective Members, as Victims of a Common Scheme to Deny Them Overtime and Pay for All Hours Worked, Are Similarly Situated

As evidenced by Plaintiffs' Declarations and Amended Complaint, Defendants utilized every opportunity to deprive Plaintiffs and other Food Server/ Food Vendors of the legally mandated overtime premiums that were due to them and also deprived them of any pay for some hours worked.

- Defendants through their manager required Plaintiff Hegazy, who worked the night shift and the Food Server/ Food Vendors who worked with him, to arrive at work at least half an hour early, but were never paid for them for their pre-shift work (Hegazy Decl. ¶¶ 4, 12, 16, 17);
- Likewise, Defendants through their manager also required Plaintiff Abouelkhair, who worked the day shift and the full-time Food Server/Food Vendors who worked with him, to arrive at work at least half an hour early, but never paid them for their pre-shift work (Abouelkhair Decl. ¶¶ 10, 11.);

- Defendants required Plaintiff Hegazy and other Food Server/Food Vendors to continue working after their shift ended, but did not pay them for that post-shift time (Hegazy Decl. ¶¶ 11, 13, 16, 17.);
- Likewise, Defendants' Managers at their restaurant stores altered time records to deny Food Server/ Food Vendors payment for the hours that they worked post-shift (Abdelmoneim Decl. ¶¶ 13-17.);
- Defendants did not pay Plaintiff Abouelkhair for all of the hours during which he was clocked-in. (Abouelkhair Decl. 11-16.);
- Likewise, Defendants' Managers at their restaurant stores altered time records to deny Food Server/ Food Vendors payment for the hours that they were clocked-in; (Abdelmoneim Decl. ¶¶ 13-17.);
- Defendants required Plaintiff Shehatta to sign a document saying that he no longer worked for them and paid Plaintiff Shehatta and another Food Server/ Food Vendor a flat sum for each day of work, with no overtime premium for many hours that they worked over forty (40) in a workweek. (Shehatta Decl. ¶¶ 12-19.)

As this listing shows, the FLSA Representative Plaintiffs and the potential FLSA collective members, were all the victims of a similar scheme by Defendants to illegally deny them overtime premiums for hours worked over forty in a workweek and to deny them pay for all the hours that they worked.

Defendants argue that their aggressive scheme, which used multiple methods to violate the FLSA and the New York Labor Law ("NYLL") and deprive Plaintiffs and potential FLSA collective members of their legally mandated overtime pay and pay for all hours worked, prevents Plaintiffs and Food Server/ Food Vendors from being similarly situated. In fact, Defendants ask this Court to reward them by denying certification of a collective for being more aggressive in their quest to violate the FLSA than other employers who utilize one method of depriving their employees of their legally mandated overtime premiums.

Although Defendants utilized more than one method of implementing their violations of the FLSA, their actions were all part of the same scheme to deprive the FLSA Representative Plaintiffs and potential collective members of overtime premiums. Because the FLSA Representative Plaintiffs and the potential collective members were all victims of this scheme,

the Court should find that they are similarly situated and grant Plaintiffs' motion for conditional certification of a collective.  *See Martinenko v. 212 Steakhouse Inc.*, 22-cv-518 (LJL), 2022 WL 1227140, at *5 (S.D.N.Y., Apr. 26, 2022) ("'It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs ... [a]s long as they were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs.'");; *Diaz v. New York Paving Inc.*, 340 F.Supp.3d 372, 382 (S.D.N.Y., 2018) (certifying collective where some of the collective members were members of a union and others were not "because they were all subject to NY Paving's alleged unlawful wage policy"); *Benavides v. Serenity Spa NY Inc.*, 166 F.Supp.3d 474, 483 (S.D.N.Y. 2016) ("The fact that the employees held different positions does not prevent conditional collective action certification because courts in this Circuit 'routinely find employees similarly situated despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.'" (quoting *Guaman v. 5 M Corp.*, No. 13–CV–03820, 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013)).

### D.  Plaintiffs Have Submitted More than Enough Evidence for Conditional Collective Certification

Plaintiffs have submitted more than enough evidence to meet their minimal burden on a motion for conditional certification.  Courts in this Circuit routinely certify conditional collectives pursuant to the FLASA based on the pleadings and a single declaration by the plaintiff.  *Cheng v. Via Quadronno LLC*, 20-cv-8903 (LJL), 2021 WL 4319569, at *3 (S.D.N.Y. Sept. 23, 2021) ("A single affidavit from a named plaintiff is enough to make this showing."); *Manfredo v. VIP Auto Group of Long Island, Inc.*, CV 20-3728 (MKB)(AYS), 2021 WL 4958907, at *5 (E.D.N.Y. Oct. 26,2021) ("'[s]everal courts have conditionally certified a collective of employees spanning multiple locations based on the allegations and affidavit of a

single plaintiff who worked at only one location.'") (quoting *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14-Cv-2848, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015). The *Manfredo* certified a collective of employees of seven auto dealerships based on a single affidavit from the plaintiff, who only worked at one of those dealerships. *Id.* Here, Plaintiffs have submitted four declarations with their personal observations of Defendants scheme to deny Plaintiffs and other Food Server/ Food Vendors the overtime premiums to which they were legally entitled.

Together, the four Plaintiffs who submitted Declarations have worked at each of Defendants' locations that Plaintiffs seek to be included in the collective. These four Declarations provide Plaintiffs' personal knowledge Defendants' scheme to deprive them and other Food Server/ Food Vendors of overtime premiums as required by the FLSA.

Defendants seek to dismiss Plaintiffs' Declarations because of minor inconsistencies. However, "minor factual inconsistencies do not defeat class [collective] certification." *Ruiz v. Truffa Pizzeria & Wine Room Corp.*, 20-cv-8645 (LJL), 2021 WL 568249, at *4–5 (S.D.N.Y. Feb. 15, 2021) (certifying collective).

In addition, Defendants seek to have Plaintiffs' Declarations dismissed because Plaintiffs have not named their similarly situated co-workers. Defendants' argument mischaracterizes the cases that they cite.

> The case law denying certification holds that total lack of factual allegations supporting a conclusion that other employees are similarly situated is the basis upon which to deny a motion for conditional certification. . . . These cases also expound on the missing facts in each case. Defendants argue Gauman's affidavit is analogous to the supporting documentation in these denial cases, and that failure to allege each fact listed by the Court in those cases demands conditional certification be denied. The cases do not stand for such a proposition, and are distinct from this one, which offers factual details as to at least four employees in addition to Plaintiff.

*Gauman v. DL Restaurant Development LLC*, No. 14 Civ. 2587(RWS), 2015 WL 6526440, at *2 (S.D.N.Y. Oct. 27, 2015).

Like the Plaintiff in *Guaman*, Plaintiffs have provided factual details for themselves and other potential FLSA collective members in each of Defendants' locations. "The fact that none of the Plaintiffs has identified the co-workers with whom they allegedly spoke is not fatal. A contrary holding would require Plaintiffs to publicly identify and discuss potential FLSA violations against co-workers who may prefer to remain anonymous. Section 216(b) does not require that." *Martinez v. JVA Industries Inc.*, 20-cv-7977 (LJL), 2021 WL 1263133, at *4 (S.D.N.Y. Apr. 6, 2021) (granting plaintiffs' motion for conditional certification of a collective of construction workers). Like the plaintiffs in *Martinez*, Plaintiffs have made the required modest showing for conditional certification of a FLSA collective and their motion should be granted.

### E. Arbitration

#### i. The Arbitration Agreements Should Be Invalidated Because Defendants Failed to Inform Employees of the Instant Litigation

Prior to the filing of this action, the Parties entered into a series of tolling agreements that tolled the statute of limitations for the claims set forth in Plaintiffs' original Complaint (provided in draft form to Defendants' counsel) for Plaintiff Hegazy "and other present and former hourly, non-exempt employees of Defendants who are determined by the Court to be similarly situated." The agreements tolled the limitations period from February 8, 2021 until February 28, 2022. The tolling agreements prohibited Plaintiffs from filing this action while the agreements were in effect. (Harrison Decl., ECF No. 28, Ex. 1.) Prior to the expiration of the final tolling agreement, Defendants required their current employees to sign arbitration agreements during January and February of 2022 (Abouelenein Decl. ¶¶ 2-3 & Ex. 1) and canceled the JAMS mediation that had been scheduled for February 21, 2022.

Just as courts have ruled that arbitration agreements that employers have employees sign during the pendency of a class or collective action are unenforceable because the employer did misled its employees by not informing them that they would be forfeiting their rights to join the class / collective.  Here too, (on information and belief) Defendants knew that a class and collective action would be filed as soon as the tolling agreement ended and misled their employees by not providing them with the information that they would be forfeiting their rights to join the action by signing the arbitration agreements.  The fraudulent way in which employees were induced to sign these arbitration agreements, makes these agreements unenforceable.

### ii.  Courts in this Circuit Provide Notice to Employees Who Have Signed Arbitration Agreements

In this Circuit, courts routinely authorize notice of collective action to be distributed to employees who have signed arbitration agreements.  *Lijun Geng v. Shu Han Ju Restaurant II Corp*., 18-cv-12220 (PAE)(RWL), 2019 WL 4493428, at *8 (S.D.N.Y. Sept. 9, 2019) (District courts in the Second Circuit have tended to follow the third approach, sending notice to potential collective members even if they may be subject to arbitration agreements.") (citing *Romero v. La Revise Associates, L.L.C.*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013) ("the existence of differences between potential plaintiffs as to the arbitrability of their claims should not act as a bar to the collective action analysis.").  Notice should be sent to all members of the potential collective, regardless of whether they have signed an arbitration agreement.

Defendants cite to out of circuit, outdated, and Rule 23 cases to argue that the arbitration agreements preclude conditional certification and that notice should not be sent to their employees who have signed arbitration agreements.

- *Diaz v. Elecs. Boutique of Am., Inc.*,No. 04-CV-0840E (SE), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) – Collective would have included both exempt and non-exempt employees, no issue of arbitration agreements.
- *Seever v. Carrols Corp*., 528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007) – Disagreed with by Second Circuit as recognized in *Thompson v. Global Contact Services, LLC*, 20-CV-651-MKB-SJB, 2021 WL 3486944, at *7 (E.D.N.Y. July 21, 2021).

- *Mike v. Safeco Ins. Co. of Am.*, 274 F Supp. 2d 216, 220-21 (D. Conn. 2003) – Misclassification case, no issue of arbitration agreements.
- *Krstic v. J.R. Contracting & Envtl. Consulting,* No. 09-cv-2459 (PGS), 2010 WL 395953, at *3 (D.N.J. Feb. 4, 2010) – District of NJ case where plaintiffs' motion for conditional certification was ruled premature and denied without prejudice.
- *Adami v. Cardo Windows, Inc.,* 299 F.R.D. 68 (D.N.J. 2014) – District of NJ case where collective conditionally certified with employees who had signed arbitration agreements excluded.
- *McLean v. Cornucopia Logistics, LLC*, No. CV 19-0864 (JS)(AYS), 2021 WL 3709260, (E.D.N.Y. Aug. 20, 2021) – The arbitration agreement that the entire collective had signed had previously been found to be enforceable.
- *Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*, No. 1:21-CV-21733-KMM, 2021 WL 5763577 (S.D. Fla. Dec. 3, 2021) – Florida case. Motion to compel arbitration was denied because employer had previously refused to pay AAA fees, but court severed the arbitration agreement and enforced the class / collective waiver.
- *Lanqing Lin v. Everyday Beauty Amore Inc.,* No. 18-CV-729 (BMC), 2018 WL 6492741, (E.D.N.Y. Dec. 10, 2018) – Court certifies collective of employees of twenty-three stores where plaintiffs had only spoken with the employees of twelve stores, but does not include individuals who had signed arbitration agreements.  However, the court also admonishes plaintiffs' attorney stating "The Court leaves it to plaintiffs to decide how best to proceed, but further jumbled filings like the ones provided with this motion will be stricken." *Id.* at n.2.
- *Spann v. AOL Time Warner, Inc*., 219 F.R.D. 307 (S.D.N.Y. 2003) – Rule 23 ERISA action.
- *In re Titanium Dioxide Antitrust Litig*., 962 F. Supp. 2d 840 (D. Md. 2013) –Rule 23 price fixing action.
- *Pablo v. ServiceMaster Glob. Holdings Inc.*, No. C 08–03894 SI, 2011 WL 3476473 (N.D. Cal. Aug. 9, 2011) – putative Rule 23 class did not meet commonality.
- *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, (2d Cir. 1960) in a dispute between ship owners and charterers, the court confirmed the arbitration award.

## III.        FORM AND METHOD OF NOTICE

### A.  Defendants' Proposed Modifications to the Notice Are Not Appropriate

It is improper to instruct members of the FLSA Collective to contact Defendants' counsel.  While Plaintiffs are not averse to including the *name* of the law firm representing Defendants, the Notice should not include their *contact information*, as "it would be inappropriate for any opt-in plaintiff to contact Defendants' lawyers directly". *Cheng v. Via Quadronno LLC*, 20-cv-8903 (LJL), 2021 WL 4319569, at *5 (S.D.N.Y. Sept. 23, 2021). Moreover, if Defendants' counsel is being included in the Notice a directive to "not to contact Defendants' lawyers directly yourself" must be included.  *Id*. (ordering that "notice will include the language: 'Defendants are represented by… If you choose to join this case, you should not contact the Defendants' lawyers directly yourself.'")

### B.  Consent Forms Should Not Be Sent to the Courthouse

For efficiency reasons and to preserve this Court's resources – and to allow maximum flexibility to opt-in Plaintiffs who may wish to return their Consent Forms electronically – the Court should allow opt-in Plaintiffs to return their Consent Forms to Plaintiffs' Counsel, who will promptly file them with the Court.   While Defendants cite to several older E.D.N.Y. decisions that directed plaintiffs to send consent forms to the Clerk of the Court, the clear majority of recent decisions have rejected that approach.  *See* e.g. *Martinenko v. 212 Steakhouse Inc.*, 22-cv-518 (LJL), 2022 WL 1227140, at *8 (S.D.N.Y. Apr. 26, 2022) (permitting submission of the consent forms directly to Plaintiff's counsel and ordering them to file the consent forms on the ECF docket on the day that they are received); *Djurdjevich v. Flat Rater Movers, Ltd.*, 17-cv-261 (AJN), 2019 WL 125888, at *2 (S.D.N.Y. Jan. 7, 2019) (directing putative plaintiffs to return consent forms to Plaintiff's counsel).   Courts in this Circuit have consent forms sent to Plaintiffs' counsel to ease the work of the courts.  *See Gui Zhen Zhu v. Matsu Corp*, 424 F.Supp.3d 253, 271–72 (D. Conn. 2020) (consent forms should be sent to Plaintiffs' counsel "since doing so would reduce the burden on the court").

### C.  Defendants Edits to Sections 1, 2, 4 and 5 of the Notice Are Confusing and Redundant

Defendants proposed edits to the Notice are confusing and redundant and should be rejected for the following reasons:

- In Section 1, there is no need to add the words "putative" if the Court certifies this case as a collective action, nor are the words "if you wish to participate" necessary.
- Defendants' edits to Section 2 are confusing:  Listing "February 12, 2018", the date which is precisely 3 years and 385 days prior to the date that this action was commenced – as Plaintiffs propose – is far cleaner, and clearer, than Defendants' proposal.
- For the reasons set forth above, because the signed consents should be returned to Plaintiffs' counsel, Defendants edits to Section 3 should be rejected.
- Defendants' edits to Section 4 are unnecessary as their content is already covered by Plaintiffs' proposed language.
- Similarly, Defendants' attempts to remove the language about "paying" any separate attorney hired or about "delay in joining this action or proceeding separately" in Section 5 are confusing and/or misleading.[6]

### D.  Sixty (60) Days to File Consent Forms is Appropriate

Defendants' proposal for forty-five (45) days to return the consent forms is contrary to well-settled law in this District.  "Courts in this District 'routinely grant opt-in periods of 60-days after conditional certification in FLSA cases." *Martinenko*, 2022 WL 1227140, at *8 (S.D.N.Y. April 26, 2022) (citing cases); s*ee also Mark v. Gawker Media LLC*, No. 13–cv–4347 (AJN), 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) ("[C]ourts in this district have coalesced around a standard 60-day notice period.").

### E.  Inasmuch as the Goal of FLSA Collective Notice Is to Ensure that Collective Members Are Notified about Their Rights, Notice and Consent Forms Should Be Sent Out Via Mail, Text Message, and Email and Posted at Places of Work

The purpose of notice to the FLSA Collective "is to start a conversation among employees, so as to ensure that they are notified about potential violations of the FLSA and meaningfully able to vindicate their statutory rights." *Trinidad v. Pret A Manger (USA) Ltd.*,

---

[6] Plaintiffs do not object to Defendants' addition to Section 6 of the proposed Notice stating that they "deny any liability".

962 F.Supp.2d 545, 564 (S.D.N.Y. 2013); *see also Guzelgurgenli v. Prime Time Specials Inc.*, 883 F.Supp.2d 340, 356 (E.D.N.Y. 2012) ("the goal of the notice is "to make as many potential plaintiffs as possible aware of this action and their right to opt in").   To ensure that the FLSA Collective is properly notified, numerous courts in this Circuit have held that notice and consent forms should be sent out via regular mail, text message, and email, and should be posted at their places of work.   *See Chen v. Dun Huang Corp.*, 19-CV-11883 (GBD)(BCM), 2021 WL 5234421, at *11 (S.D.N.Y. Nov. 8, 2021) (Moses, MJ).

Many of these and other courts have also authorized posting of the notice in places where members of the collective congregate.   *See Chen*, 2021 WL 5234421, at *11 (ordering that Notice "must be displayed in a conspicuous location, convenient to employees" at defendants' business); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (requiring posting of notice in defendants' restaurants over defendants' objections that such postings would "unnecessarily disturb their business"); *Trinidad*, 962 F. Supp. 2d at 564 (ordering defendants to post notice "in a non-public area" of six restaurant locations, noting that "Courts in this Circuit frequently approve posting in the workplace," and collecting cases); *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 118 (S.D.N.Y. 2015)(Francis, MJ) ("[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail").

In light of the above, sending notice by mail, text and email – and by posting it at Defendants' work locations - is a more far effective means of providing notice than mailing it alone and Defendants should be ordered to send notice by mail, text, and email, and to post it at each of their work locations.

## F.  The Court Should Authorize Plaintiffs to Send Reminder Notices[7]

---

[7] Plaintiffs did not request authorization or reminder notices in their original motion.  However, such reminders are routine and further the purposes of the FLSA.

Finally, Plaintiffs respectfully request that the Court allow Plaintiffs to send reminder notices via mail, text, and email halfway through the opt-in period. *See Yuefeng Shi v. TL & CG Inc.*, 19-CV-08502 (SN), 2020 WL 4586359, at *6 (S.D.N.Y. Aug. 10, 2020) ("a reminder notice is appropriate '[g]iven that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in.'"); *Mei Rong Du v. Dingxiang Inc.*, 19-CV-11924 (JPO) (BCM), 2020 WL 7404984, at *12 (S.D.N.Y. Dec.17, 2020) (granting plaintiff's request to send reminders via mail and email halfway through the opt-in period); *Chhab v. Darden Rests., Inc.*, 11-cv-08345, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sept. 19, 2013) (same)(collecting cases).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion in full.

Dated: July 13, 2022                    HARRISON, HARRISON & ASSOC., LTD.

/s/ David Harrison_____
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 718-799-9111
Facsimile: 718-799-9171
dharrison@nynjemploymentlaw.com
jsalwen@nynjemploymentlaw.com
*Attorneys for Plaintiffs, proposed FLSA Collective members and the proposed Class Members*

Akerman, LLP
Jeffrey A. Kimmel, Esq.
Genaira L. Tyce, Esq.
1251 Avenue of the Americas
New York, NY 10020
212.880.3800
*Attorneys for Defendants*