```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  AHMED HEGAZY, et al.,                                     :
                                                            :
                              Plaintiffs,                   :   22 Civ. 1880 (LGS)
                                                            :
                -against-                                   :   OPINION AND ORDER
                                                            :
  THE HALAL GUYS, INC., et al.,                             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs are Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Walid Soltan, Ahmed Abouelkhair, Ahmed Abdelmoneim, Khaled Hassan, Hossam Ahmed, Islam Soliman, Hassan Elganzouri, Naser Dakhly and Mohamed Ahmdein.  Defendants are The Halal Guys, Inc., All 53 SW Inc., Night 53 SE Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein, Ahmed Abouelenein and Abdullah Abouelenein.

      Plaintiffs assert claims (1) under the Fair Labor Standards Act (the "FLSA"), on behalf of themselves and others who have worked as "servers and food-cart workers who were employed by Defendants on or after the date that is three years and 385 days prior to the filing of [the Second Amended] Complaint to the entry of judgment"; and (2) under the New York Labor Law (the "NYLL"), on behalf of themselves and others who have worked as "Food Servers/Food Vendors on or after the date that is six years and 684 days before the filing of the original Complaint in this case until the entry of judgment."  Plaintiffs move for conditional certification of a FLSA collective and court facilitation of notice pursuant to 29 U.S.C. § 216(b) (the "Motion").  For the reasons below, Plaintiffs' motion is granted.

**I.     BACKGROUND**

The factual summary below pertains only to Plaintiffs' FLSA claim, which asserts that Defendants failed to pay the overtime rate for work in excess of forty hours per week. Only Plaintiffs Shehatta and Hegazy are designated as representatives of the proposed FLSA Collective (the "Representative Plaintiffs"). The alleged facts are drawn from the Second Amended Complaint (the "Complaint") and the declarations submitted in support of the Motion. The alleged facts are assumed to be true only for purposes of this motion. *See Ford v. WSP USA, Inc.*, No. 19 Civ. 11705, 2021 WL 4803848, at *4 (S.D.N.Y. Oct. 14, 2021) ("[E]vidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." (internal quotation marks omitted)).

From in or around May 2013 to March 2020, Plaintiff Shehatta worked for Defendants as a food server and vendor at a food cart in Queens, New York. Shehatta worked six days a week: 5:00 a.m. until 6:00 p.m. on weekdays and until 1:00 p.m. on Saturdays. Shehatta regularly worked over seventy hours each week. Throughout the period of his employment, Defendants paid Shehatta a day rate of $130 per day, without any overtime pay.

From 2013 to February 2018, Shehatta had a co-worker at the food cart who worked the same schedule as Shehatta. The co-worker continues to work for Defendants, working eight or nine hours a day, six days a week. Defendants pay the co-worker a day rate in cash, without any overtime, the same way that they paid Shehatta.

From in or around July 2014 until around the end of March 2020, Plaintiff Hegazy worked for Defendants as a food server and vendor at four food carts in Manhattan, New York, owned by Defendants. Defendants scheduled Hegazy to work six or seven days per week: 7:00

p.m. until 4:00 a.m. on weekdays and until 5:00 am on weekends and holidays. Defendants required Food Servers/Food Vendors to arrive thirty minutes before their start time, and sometimes finishing work as late as 6:00 or 6:30 a.m. Hegazy regularly worked sixty-six to more than seventy-five hours in a week. Defendants paid Hegazy a day rate of $90 in 2014, and after about one and a half years paid him $120 per day regardless of the number of hours he worked. He was not paid overtime wages when he worked more than forty hours per week.

Other servers and vendors, who also worked more than forty hours per week, told Hegazy that Defendants did not pay them for all the hours they worked at the proper overtime rates, particularly before and after their scheduled shifts.

Plaintiff Abdelmoneim recalled an instance when a Food Server/Food Vendor at Defendants' 14th Street store was scheduled to work until 5:00 pm, but actually worked until close to 5:30 pm in order to complete his work. Abdelmoneim saw the store manager change the worker's clock-out time to 5:00 pm from the actual time. Workers at the Amsterdam Avenue store told Abdelmoneim that the manager there had also changed their clock-out times.

## II.   STANDARD

The FLSA authorizes employees to bring a collective action on "behalf of . . . themselves and other employees similarly situated" who "consent in writing" to join the action. 29 U.S.C. § 216(b). Although the Second Circuit has never offered a definitive standard for the conditional certification of collective action under the FLSA, it has "endorsed" a widely accepted two-step approach. *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (citing *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), for the two-step process to certify FLSA collective actions). "At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of

a common policy or plan that violated the law." *Id.* The second step, typically taken upon the completion of discovery, requires the court to determine "whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Id.* "The action may be 'de-certified' if the record reveals they are not." *Myers*, 624 F.3d at 555.

At the first step, in order to achieve conditional certification, "[t]he modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist." *Id.* (internal quotation marks and citations omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *King v. Fedcap Rehab. Servs., Inc.*, No. 20 Civ. 1784, 2022 WL 292914, at *3 (S.D.N.Y. Feb. 1, 2022). "The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at this stage." *Id.* (internal quotation marks omitted). As a result, "[e]vidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." *Ford*, 2021 WL 4803848, at *4 (internal quotation marks omitted). This is "a low standard of proof," and "[i]f the Court determines that 'similarly situated' employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action." *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510, 2021 WL 1750370, at *4 (S.D.N.Y. May 4, 2021).

### III. DISCUSSION

#### A. Conditional Certification

Plaintiffs seek conditional certification of a FLSA collective consisting of "all individuals who worked as full-time, non-exempt Food Server/Food Vendors at Defendants' food carts and restaurant stores in New York City at any time starting on February 12, 2018, until the present." The terms "Food Server/Food Vendors" are not defined. Plaintiffs have made the necessary showing that Representative Plaintiffs are similarly situated to these employees.

The Complaint's FLSA claim alleges that Defendants willfully violated the FLSA by failing to pay Plaintiffs and similarly situated employees overtime wages of one and one-half times their regular hourly rates for all work performed in excess of forty hours in a workweek.

To support this motion for conditional certification, Plaintiffs offer the Complaint and five declarations. According to the declarations, Defendants own, operate or control several food trucks and restaurant stores in New York City. Representative Plaintiffs worked at five of the food trucks from around 2013 to March 2020. Defendants determined the wages and compensation of employees, maintained employee records and maintained control, oversight and direction over food truck and restaurant store workers. As recounted above, Plaintiffs Shehatta, Hegazy and an identified co-worker of Shehatta regularly worked overtime hours for which they were not paid at all or were not paid the overtime rate of pay.

Based on this evidence, Plaintiffs have made the "modest factual showing" necessary to grant conditional certification. *Myers*, 624 F.3d at 555; *King*, 2022 WL 292914, at *3 ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."). The Representative Plaintiffs, whose responsibilities included serving and preparing food, setting up

5

and closing down the food trucks and driving the trucks to Defendants' warehouse in Queens, were not paid for all the overtime hours they worked. Several other employees -- who worked at Defendants' food trucks and restaurant stores who performed the same duties as the Representative Plaintiffs -- were subject to the same policies. Accordingly, Plaintiffs have made the necessary modest factual showing that all food servers and venders were subject to a policy of not paying overtime wages. *See Myers*, 624 F.3d at 555.

Defendants argue that conditional certification is improper because potential members of the putative collective are bound by arbitration agreements. This argument fails: "[T]he existence of arbitration agreements is 'irrelevant' to collective action approval 'because it raises a merits-based determination'" that is inappropriate at the initial stage of certification. *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013). Rather, "issues of fact surrounding arbitration agreements are properly resolved at the second stage of the two-step inquiry." *Id.* Only at that stage is it proper to consider whether Representative Plaintiffs are, in fact, similarly situated to the opt-in Plaintiffs. Thus, the collective may be conditionally certified and notice given, "notwithstanding that some or all of the prospective members of the collective may have signed arbitration agreements." *Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410, 2021 WL 4460632, at *10 (S.D.N.Y. Sept. 28, 2021) (collecting cases).

Defendants' remaining arguments are unpersuasive. Defendants argue that Plaintiffs' declarations lack proof of a common unlawful policy or plan by Defendants, and that Plaintiffs have failed to show a factual nexus among the Representative Plaintiffs and members of the putative collective. These arguments misunderstand "[t]he modest factual showing" required for conditional certification. *See Myers*, 624 F.3d at 555. For example, Plaintiff Shehatta's declaration states that a co-worker at the food cart "worked the same hours that [he] did. [That]

Defendants paid the co-worker a day rate in cash, without any overtime, the same way that they paid [him]." And Plaintiff Abdelmoneim's declaration states that the food servers and vendors "who worked with [him] in the stores regularly worked forty or more hours in a workweek. . . but the managers had the ability to change their punches and not pay them for all the time that they were clocked in." Hearsay assertions about co-workers' circumstances have consistently been found to be sufficient for purposes of FLSA conditional certification. *See, e.g., Han v. Madison Ave. Realties, LLC*, No. 22 Civ. 382, 2022 WL 2609003, at *3 (S.D.N.Y. July 8, 2022); *Guevara v. Fine & Rare Operations LLC*, No. 20 Civ. 5330, 2022 WL 103376, at *7 (S.D.N.Y. Jan. 10, 2022).

Accordingly, a collective of Defendants' employees who worked as "full-time, non-exempt Food Server/Food Vendors at Defendants' food carts and restaurant stores in New York City" is proper.

### B.     Notice Period

Plaintiffs request that the Court authorize notice for employees who worked for Defendants for three years prior to the commencement of the lawsuit (plus a tolling period, which is addressed below). The notice period is generally governed by the statute of limitations for the violations alleged to avoid sending notice to individuals whose claims will be time barred. *See Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124, 2014 WL 1487279, at *4 (S.D.N.Y. Apr. 11, 2014). The statute of limitations under the FLSA is ordinarily two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a). Here, Plaintiffs allege willfulness in the Complaint, and neither party disputes a three-year notice period for the FLSA claims at this stage.

The statute of limitations period, however, continues to run for each putative member of the FLSA collective until he or she files a written consent electing to join the lawsuit. *See* 29 U.S.C. § 256(b). The period does not toll at the commencement of the case, as Plaintiffs suggest. *See McGlone v. Cont. Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). Accordingly, the appropriate notice period is the three years preceding this Court's Order plus any tolling period.

C. **Tolling Agreements**

Plaintiff requests that the statute of limitations be tolled for the "385 days during which the parties entered into a series of tolling agreements that tolled the statute of limitations for the claims set forth in Plaintiffs' original Complaint (from February 8, 2021 until February 28, 2022)." Defendants do not dispute that tolling agreements were entered into between Plaintiff Hegazy, on behalf of himself and other present and former hourly, non-exempt employees, and certain of the Defendants. However, Defendant The Halal Guys Franchise, Inc. was not a party to the tolling agreements. For that reason, the statute of limitations is tolled for 385 days as to all Defendants except Defendant The Halal Guys Franchise, Inc., and the notice period for all putative collective members is three years plus 385 days.

D. **Form of Notice**

Plaintiffs submitted a proposed form of notice, to which Defendants raised various objections. These disputes are resolved as follows: (1) the notice form shall include the name of the law firm representing Defendants but need not include their contact information; (2) the opt-in Plaintiffs shall return the consent forms to Plaintiffs' counsel, who shall file them with the Court at the conclusion of the notice period; (3) Section 6 of the notice form shall include a statement that Defendants deny any liability and (4) the notice form shall clearly state that an individual who opts into the suit may be asked to provide documents and sit for a deposition.

Defendants' remaining objections are without merit. "Courts routinely approve the posting of notice on employee bulletin boards and in common employee spaces" because "[p]osting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (collecting cases); *accord Duran v. R&L Interior Renovations & Constr. Corp.*, No. 20 Civ. 9344, 2021 WL 4847074, at *4 (S.D.N.Y. Oct. 18, 2021). Accordingly, Defendants shall permit Plaintiffs to post the notice and opt-in form in a common, non-public employee space operated by Defendants where notice and form will be easily visible to employees. Plaintiffs shall also disseminate the notice by email, text message and social media messaging, to the extent possible.

Plaintiffs' request to send reminder notices via mail, text and email halfway through the opt-in period is granted.

### E. Disclosure

The request for disclosure of opt-in Plaintiffs' names and contact information is granted. By **October 1, 2022**, Defendants shall produce a list in electronic format to Plaintiffs' counsel for all individuals who, at any time during the last four years and twenty days -- i.e., three years plus the 385-day tolling period -- worked for Defendants "as full-time, non-exempt Food Server/Food Vendors at Defendants' food carts and restaurant stores in New York City," including their name, last known address, last known phone number, last known e-mail address and the dates and location(s) of employment and position(s) held. Defendants are not required to produce social media handles. Plaintiffs shall publish the notice by no later than October 15, 2022. Individuals shall have forty-five days to join the collective, or until **November 29, 2022**.

By **December 6, 2022**, the parties shall file a proposed amended case management plan providing for discovery of opt-in Plaintiffs within 30 days of filing.

IV. **CONCLUSION**

For the foregoing reasons, conditional certification of the collective is GRANTED. Plaintiffs' motion for 385 days of tolling is GRANTED, and the proposed form and manner of notice are APPROVED as amended in accordance with this Opinion.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27.

Dated: September 1, 2022
       New York, New York

                                                      **LORNA G. SCHOFIELD**
                                                    **UNITED STATES DISTRICT JUDGE**