UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

| | |
|---|---|
| AHMED HEGAZY, SHRIEF SROR, RAMIZ SHEHATTA, WALID SOLTAN, AHMED ABOUELKHAIR, AHMED ABDELMONEIM, KHALED HASSAN, HOSSAM AHMED, ISLAM SOLIMAN, HASSAN ELGANZOURI, NASER DAKHLY and MOHAMED AHMDEIN on behalf of thesmselves and all others similarly situated, : : : : : : : : : : | Case No.: 1:22-CV-01880 (LGS) |

Plaintiffs,                                          :

                                                              :

-against-                                              :

                                                              :

THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT      :
53 SE INC., THE HALAL GUYS FRANCHISE INC.,      :
ALTAWHID FOOD SUPPLY INC., DAY 53 SE INC.,      :
ELSALAM ENTERPRISE INC., AHMED ELSAKA,          :
ABDELBASET ELSAYED, MOHAMED                          :
ABOUELENEIN a/k/a MOHAMMED                            :
ABOUELENEIN, AHMED ABOUELENEIN, and             :
ABDULLAH ABOUELENEIN,                                   :

                                                              :

Defendants.                                       :

------------------------------------------------------------------------ x

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties to the above-captioned action shall disclose information—including trade secrets and other confidential business information—for which special protection from public disclosure and from use for any purpose other than for prosecuting and/or defending this action is warranted under Rule 26(c) of the Federal Rules of Civil Procedure. To protect against the improper use or disclosure of such information, Plaintiffs Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Walid Soltan, Ahmed Abouelkhair, Ahmed Abdelmoneim, Khaled Hassan, Hossam Ahmed, Islam Soliman, Hassan Elganzouri, Naser Dakhly, and Mohamed Ahmdein (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, and Defendants

1

The Halal Guys, Inc., All 53 SW Inc., Night 53 SE Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Day 53 SE Inc., Elsalam Enterprise Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein (collectively, "Defendants," and together with Plaintiffs, each a "Party," or the "Parties"), by their respective counsel, hereby stipulate and agree, and the Court enters the following Confidentiality Agreement and Protective Order, as follows:

1.      When any Party produces or provides documents at any time during the above-captioned litigation and reasonably believes that such documents contain trade secrets, financial data, or other competitively sensitive information, Plaintiffs or Defendants shall stamp all such documents with the word "CONFIDENTIAL" and such documents shall thereafter be protected pursuant to the terms of  this Confidentiality Agreement and Protective Order.  When producing Confidential Information, the producing Party shall stamp all pages of the document with the "CONFIDENTIAL" designation.

2.      The inadvertent production of any responsive document, material, or information without the "CONFIDENTIAL" designation shall not operate as a waiver of its confidential status under this Confidentiality Agreement and Protective Order, so long as any such inadvertent production is brought to the attention of opposing counsel by counsel for the party designating such document, material or information as "Confidential" promptly after discovery of the inadvertent failure to so designate at the time of production.  Any use or disclosure by the receiving party of any such document or information prior to being notified of its confidential nature shall not be deemed a violation of this Confidentiality Agreement and Protective Order.

3.      If Plaintiffs or Defendants wish to use any deposition testimony concerning documents, material, or information designated as Confidential, the portion of the deposition transcript which relates to such documents, material, or information shall be designated and treated as Confidential and subject to the confidentiality provisions hereof.  This Confidentiality Agreement and Protective Order shall not preclude counsel for the parties from using during any

2

deposition in this action any documents or information which have been designated as "Confidential" under the terms hereof, provided counsel has a good-faith belief that such witness has previously seen the document.

4.      Documents, material, or information (including portions of deposition transcripts) received from the opposing party and designated as Confidential, or information derived therefrom (collectively "Confidential Information"), may be disclosed or made available by the party receiving the Confidential Information (or their respective counsel) only to the following:

A.      Plaintiffs, Defendants, and any agents or employees of Defendants with whom Defendants' counsel believes the information is necessary to share in order to prepare the defense of or evaluate Plaintiffs' claims;

B.      the Court and its personnel (in the manner provided by paragraph 7 hereof);

C.      counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

D.      court reporters, stenographers, or videographers utilized in this litigation;

E.      any expert or consultant engaged or consulted in this action;

F.      any witnesses testifying at a deposition or trial in this action provided counsel has a good-faith belief that such witness has previously seen the document; and

F.      any other person as agreed upon by the parties or ordered by the Court.

5.      All Confidential Information received in this case shall be used by the person(s) receiving it only for the purposes of preparing for and conducting this litigation.  It may not be used for any other purpose, including any competitive purpose.

6.      Prior to disclosure of Confidential Information received from another party that is protected by this Confidentiality Agreement and Protective Order to any individual or entity that falls within the categories set forth in paragraph 4 above (except the Court and its personnel or

court reporters, stenographers etc.), Plaintiffs or Defendants or their respective counsel shall secure their promise that they will not disclose any information protected by this Confidentiality Agreement and Protective Order to anyone other than counsel and the parties, as limited herein.

7.      Prior to filing any pleadings, motions, or other papers with the Court that disclose any Confidential Information, the filing party shall, at least three (3) days prior to such filing, provide the party who produced the Confidential Information at issue with notice, via email to the non-filing party's counsel, of its intent to do so.  If the Parties are not able to reach agreement, after engaging in good faith negotiation, as to whether such information should be filed under seal, the party seeking to file the Confidential Information shall do so under seal, without prejudice to the filing party's ability to request that the Court order that such document be re-filed as not "under seal."  Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.  Upon filing any Confidential Information under seal, the pleadings, motions, or papers at issue shall be labeled "Confidential – Subject to Confidentiality Agreement and Protective Order," filed under seal, and kept under seal until further order of the Court.  The original and all copies of any document filed under seal, including all copies served on parties to this action, shall be marked on the first page of the document, and each page thereof containing Confidential Information, with the above-referenced legend.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  If any pleadings, motions, or other paper reproduces, paraphrases, or discloses any document that has previously been designated by a party as a comprising or containing confidential, the redacted copy of that pleading, motion, or paper shall identify the document by the production number ascribed to it at the time of production.

8.      If at trial any non-disclosing party attempts to introduce into evidence or use in cross-examination Confidential Information, whether a document, deposition testimony or otherwise, the disclosing party may request that the Court preserve the confidentiality of that Confidential Information to the extent and by the means the Court deems necessary and

appropriate.  Use of Confidential Information at trial shall not destroy, or waive, the confidential nature of such information.

9.      Nothing herein shall be construed as a concession by either party of the relevance or lack of relevance of any information or documents or to require either party to produce information or documents that it contends to be privileged or otherwise non-discoverable.

10.     Within sixty (60) days after final termination of this action, including all appeals, the parties shall destroy or return to opposing counsel all documents or material designated as Confidential Information that he/she/it received from the disclosing party, and all copies thereof (including such copies as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings or other court documents). Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, referencing or containing Confidential Information.  This Confidentiality Agreement and Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  A party that elects to destroy, rather than return, Confidential Information pursuant to this Section shall certify in writing to the disclosing party that he/it has done so.

11.     Nothing in this Confidentiality Agreement and Protective Order shall prevent a Party from applying to the Court for any additional protection with respect to the confidentiality of documents, material or information, including permission to treat Confidential Information on an "attorneys' eyes only" basis, or for the right to utilize the Confidential Information in any way not contemplated herein, as either party may consider appropriate.

12.     The provisions of this Agreement and Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and the Court handling this action shall retain continuing jurisdiction in order to enforce the terms of this Agreement and Order.

66601510;1

13.     In the event that a party has an objection to a Confidential designation, counsel for the objecting party shall notify opposing counsel in writing of the objection and the basis therefor.  If the parties cannot resolve the dispute among themselves, then within ten (10) business days of written notice by either Party that the parties cannot resolve such dispute, the opposing Party will present the dispute to the Court by motion or the objection will be deemed withdrawn.  In the event the objecting party files any such motion, the designating party bears the burden of demonstrating the necessity of the challenged designation under prevailing law. During the pendency of any such motion or other process by which the Court considers the dispute, the document or information in question shall be treated as Confidential and subject to the provisions of this Agreement and Order.

14.     In the event of a breach of this Confidentiality Agreement and Protective Order, the non-breaching party shall be entitled to pursue any available remedy at law or equity.

15.     Nothing contained herein shall be construed as a waiver by the parties of the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or duties.  The parties agree that should issues relating to these duties and/or privileges arise, they will meet and confer to discuss the particular disclosure sought and, in any event, retain the right to present the issue to the Court for resolution.  Once executed by the parties, this Confidentiality Agreement and Protective Order shall be binding on them as a matter of contract, irrespective of whether and when the Court also executes the Confidentiality Agreement and Protective Order.

16.     The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.  The Parties acknowledge that the court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO ORDERED.
Dated: September 30, 2022
New York, New York

Dated: September 20, 2022

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6

66601510;1

**AKERMAN LLP**

**HARRISON, HARRISON & ASSOCIATES, LTD.**

By:*/s/ Jeffrey Kimmel*
    Jeffrey A. Kimmel, Esq.
    Genaira L. Tyce, Esq.
    Cassidy Mara, Esq.
    1251 Avenue of the Americas, 37th Fl.
    New York, NY  10020
    (212) 880-3800
    jeffrey.kimel@akerman.com
    genaira.tyce@akerman.com
    cassidy.mara@akermna.com
*Attorneys for Defendants*

By: */s/ David Harrison*
    David Harrison, Esq.
    Julie Salwen, Esq.
    110 State Highway 35, Suite 10
    Red Bank, NJ 07701
    (718) 799-9111
    dharrison@nynjemploymentlaw.com
    jsalwen@nynjemploymentlaw.com
    *Attorneys for Plaintiffs*

66601510;1