# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2ND FLOOR
NEW YORK NY, 10004
DIRECT DIAL (718) 799-9111
FAX (718) 799-9171
jsalwen@nynjemploymentlaw.com

Address all mail to:
110 State Highway 35, Suite 10
Red Bank, NJ 07701

December 22, 2022

**VIA ECF**

Defendants shall file a response, not to exceed three pages, by **January 4, 2023**. So Ordered.

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Dated: December 23, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Ahmed Hegazy et. al. v. The Halal Guys, Inc.,* et al.
      22-cv-1880-LGS

Dear Judge Schofield:

Our firm represents the Plaintiffs in the above referenced case. In accordance with Your Honor's Individual Rules and Procedures for Civil Cases, Section II.B.2, we are writing to request a pre-motion conference prior to filing a discovery motion on two separate issues. In an effort to resolve these issues, the parties have met and conferred over a period of time—both in-person and over the telephone, but they have not been able to resolve the matters.

First, Plaintiffs are seeking to allow the four named plaintiffs who reside outside the New York metro area to be deposed remotely. At this time all seven of the named plaintiffs who live in or near New York City have been deposed in-person. Plaintiffs are seeking a protective order to allow these Plaintiffs to be deposed remotely so that they do not have to travel to New York City at a time when Covid cases and other respiratory infections are rising, lose additional days of work in addition to the day of the deposition, and unnecessarily spend money for travel and accommodations in New York. Plaintiffs have attempted to address Defendants' expressed concerns about remote depositions. For example, Defendants expressed concerns that it might be difficult for Plaintiffs to review documents during a remote deposition. In response, Plaintiffs' counsel contacted each of the four plaintiffs who would be deposed remotely and confirmed that he had a computer or tablet for the deposition (rather than a phone), a quiet room, and a good internet connection for a remote deposition.

Second, Plaintiffs seek an order to compel Defendant Mohamed Abouelenein to appear for a deposition. Defendants have provided Plaintiffs with a doctor's note stating that Mr. Abouelenein suffers from forgetfulness and cannot walk or sit for more than half an hour.

1

Plaintiffs attempted to accommodate Mr. Abouelenein's medical issues by noticing a remote deposition that would be limited to a maximum of three hours of questions, with the stipulation that there would be a break for as long as Mr. Abouelenein required every half hour. In addition, Plaintiffs offered to discuss any additional accommodations that would be helpful to Mr. Aboueleneinan, but Defendants have informed Plaintiffs that Mr. Abouelenein will not appear for a deposition unless he is compelled to do so by a court order. Mr. Abouelenein is an owner and founder of each of the corporate defendants and directly managed the company. Although Mr. Abouelenein and the other owners have installed his son, Defendant Ahmed Abouelenein, as the current CEO of each of the corporate defendants, the transition was not completed until 2017, which is within the limitations period of Plaintiffs' New York Labor law ("NYLL") claims. Furthermore, Mr. Abouelenein led employee meetings in 2017, at which the employees were informed about changes in how they would be paid.

## DISCUSSION

**Remote Depositions**

Numerous courts have recognized that following the Covid 19 pandemic, remote depositions have become the "new normal." *PC-41 DOE v. Poly Prep Country Day School*, 20-CV-03628-DG-SJB, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022) (granting motion for protective order to have plaintiff's deposition taken remotely); *Sabhnani v. Mirage Brands, LLC*, 22-cv-00936 (JS) (JMW), 2022 WL 16965009, at *1 n.2 (E.D.N.Y. Nov. 16, 2022) ("One would think that as a result of the widespread acceptance of remote, virtual depositions becoming the 'new normal' (*see Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571 (S.D.N.Y. 2020) ('conducting depositions remotely is becoming the "new normal"')), disputes like this would go the way of the dinosaurs.").

In *PC-41 DOE*, the plaintiff sued in the EDNY because the events giving rise to the claims took place in the EDNY, however, the plaintiff lived far away. *PC-41 DOE*, at *1. The court cited 8A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2112 (3d ed. 2021) for the proposition that "'if plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, . . . the usual rule requiring plaintiff to come to the forum for his or her deposition seems inappropriate,'" *Id.* and granted Plaintiff's motion that he be deposed remotely, *Id.* at *3.

Likewise in this case the events giving rise to Plaintiffs' claims took place in the SDNY. Similarly, especially given the current rise in number of Covid, flu, and RSV cases, those plaintiffs who no longer live in the New York metro area should not be required to travel to New York for their depositions. Instead, they should be deposed remotely.

**Deposition of Mohamed Abouelenein**

Defendant Mohamed Abouelenein is an owner of the corporate defendants and a party to this action who was very active in the management of the corporate defendants at the beginning of the NYLL limitations period. Moreover, some of the Plaintiffs have testified at deposition, that Mr. Abouelenein was the person who paid them. Although Mr. Abouelenein is less active in

the management of the corporate defendants than he was during the beginning of the NYLL limitations period, his son, Defendant Ahmed Abouelenein who is the current CEO of each of the corporate defendants, testified that he continues to report to Mohamed Abouelenein and the other two owners on a regular basis approximate twice a year.  (Ahmed Abouelenein 30(b)(6), 9/21/22 tr. 65:14-20.)  Mohamed Abouelenein's testimony is very relevant to the case and Plaintiffs should be allowed to depose him.

Courts in this circuit have noted that "a prohibition against the taking of an oral deposition is a very unusual procedure."  *Michelo v. National Collegiate Student Loan Trust 2007-2*, 18-CV-1781 (PGG) (BCM) & 18-CV-7692 (PGG) (BCM), 2020 WL 4041058, at *2 (S.D.N.Y. July 17, 2020) (quotations omitted).  As a result, "a party who seeks a protective order prohibiting such a deposition bears a heavy burden."  *Id.*

To establish good cause for a protective order prohibiting a deposition, a party must "'show that a 'clearly defined, specific and serious injury' will occur in the absence of such an order.'"  *Rekor Systems, Inc. v. Loughlin*, 19-cv-7767 (LJL), 2022 WL 488941, at * (S.D.N.Y. Feb. 17, 2022) (quoting *Qube Films Ltd. v. Padell*, No. 13–CV–8405 (AJN), 2015 WL 109628, at *2 (S.D.N.Y. Jan.5, 2015)).  "'Furthermore, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient to satisfy the burden.'"  *Id.*  In this case, the doctor's note that Mr. Abouelenein's counsel produced to Plaintiffs' counsel did not provide any indication that he faced serious harm—or any harm—from a deposition.  "'If harm to a witness from a deposition is of potential concern, but does not rise to the level of a clearly defined and serious injury, courts can fashion accommodations to limit the potential harm to the deponent.'"  *Id. (quoting Qube Films Ltd.* at *2).

Defendants have not shown good cause for a protective order preventing Plaintiffs from deposing Mr. Aboulenein.  Plaintiffs should be allowed to depose him with appropriate accommodations.  Because the parties have not been able to resolve these issues, despite extensive conferring, Plaintiffs request a pre-motion conference at the Court's earliest convenience.  Thank you for your attention to this matter.

                                        Respectfully Submitted,

                                        /s/ Julie Salwen
                                        Julie Salwen

cc:  All Counsel of Record (VIA ECF)