*Lorna G. Schofield*
**UNITED STATES DISTRICT JUDGE**

January 4, 2023

Plaintiffs' request for certain Plaintiffs to be deposed remotely is **GRANTED**. Plaintiffs shall work with Defendants to address any outstanding concerns, including the use any interpreters over the video conferencing platform. Plaintiffs' request to compel Defendant Mohamed Abouelenein to appear for a deposition is **GRANTED**, subject to reasonable accommodations, as contemplated at Dkt. No. 81 at 2.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 81.

Dated: January 5, 2023
New York, New York

Jeffrey Kimmel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6435
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6408

**VIA ECF**

Hon. Judge Lorna G. Schofield
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

RE: **Hegazy et al. v. The Halal Guys, Inc. et al. - Case No. 1:22-CV-01880**

Dear Judge Schofield:

This firm represents Defendants in the above-referenced case. We write in response to Plaintiffs' letter dated December 22, 2022 requesting a pre-motion conference in anticipation of a discovery motion Plaintiffs seek to file.

**Deposing Plaintiffs In-Person**

Plaintiffs are seeking to force Defendants to remotely depose four *named* plaintiffs who reside outside the New York metro area. Defendants believe, and the precedent strongly supports, that these Plaintiffs should be required to appear for oral examination in person. A plaintiff, having selected the forum in which the lawsuit was brought, must generally submit to deposition in the district where he has commenced litigation. *See, e.g., Schindler Elevator Corp. v. Otis Elevator Co.,* No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007)(collecting cases); *Dubai Islamic Bank v. Citibank, N.A.,* No. 99 Civ.1930(RMB)(TH), 2002 WL 1159699, at *12 (S.D.N.Y. May 21, 2002)(collecting cases). Plaintiffs chose this forum for this lawsuit and, therefore, are required to appear in this forum for depositions. *Id*.

Plaintiffs argue that following the COVID-19 pandemic, remote depositions have become the "new normal," citing to *PC-41 DOE v. Poly Prep Country Day School*, 20-CV-03628-DG-SJB, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022)[1]. Plaintiffs further argue that those who do not live locally should be deposed remotely so that they do not have to travel to New York City "at a time when Covid cases and other respiratory infections are rising." Defendants do not believe these reasons necessitate that depositions be remotely held given the circumstances. First, the court in *PC-41 DOE* found that remote deposition was appropriate in "an environment in which there are almost 1,000,000 COVID infections per day, and where the Plaintiff has provided specific articulated facts about the risk faced by him and his family from travel and in-person depositions." *Id*. at 3. These concerns do not apply here. As of the date of this letter, New York City reports a daily average of 3,035 COVID-19 cases[2] – which is not comparable to the 1,000,000 daily infections contemplated by the court in *PC-41 DOE*. Additionally, these Plaintiffs have not raised any specific reasons that they are, individually, concerned about contracting COVID-19. In fact until the December 22, 2022 letter to this Court, in numerous communications between counsel, Plaintiffs had not raised "Covid cases and other respiratory infections" as a reason that these Plaintiffs could not appear in person. Because Plaintiffs did not raise this concern previously, Defendants were unable to offer Plaintiffs

---

[1] Notably *PC-41 DOE* cites to *Rouviere v. DePuy Orthopedics*, Inc., 471 F. Supp. 3d 571 (S.D.N.Y. 2020) for this argument, however the decision in *Rouviere* was issued in July 2020 – we are in a much different position with respect to COVID-19 now, in January 2023, than we were in July 2020.
[2] https://www.nyc.gov/site/doh/covid/covid-19-data.page (last accessed January 3, 2023).

akerman.com

1

68051102;1

any mitigating measures to address those concerns. For example, Defendants are willing to require all individuals present to wear masks during the depositions and/or to test for COVID-19 within a mutually agreed time frame prior to attending the deposition, and to host the deposition in a conference room that allows for appropriate social distancing. Additionally, Defendants' counsel who would be present at these depositions are fully vaccinated against COVID-19. Courts have required parties to appear for depositions in person where similar mitigation measures were extended. *See Rubio v. City of Visalia,* No. 121CV00286DADSAB, 2022 WL 193072, at *2 (E.D. Cal. Jan. 21, 2022)(requiring witnesses to appear for deposition in person where counsel was fully vaccinated, a conference room within which counsel was willing to socially distance during the depositions was made available, all counsel, staff, and the court reporter were willing to wear masks, and the deponents were able to wear masks if they preferred).

Plaintiffs also argue that those who do not live locally should be deposed remotely so that they do not have to lose additional days of work or "unnecessarily" spend money for travel and accommodations in New York. Again, because Plaintiffs selected the forum for this suit, the burden should be on Plaintiffs. *See Federal Deposit Ins Co. v. La Antillana, S.A.*, No. 88 CV 2670, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990); *see also Farquhar v. Shelden,* 116 F.R.D. 70, 72 (E.D.Mich.1987). A party seeking a protective order under Rule 26(c)(1)(B), which allows a district court to "issue an order ... specifying terms, including time and place, for the disclosure or discovery," in order to protect a party from "undue burden or expense," bears the burden of showing good cause for its issuance. *See Shibata v. Swingle*, No. 316CV1349BKSDEP, 2018 WL 4522050, at *2 (N.D.N.Y. Feb. 26, 2018). Here, the named Plaintiffs who do not live in the New York area have not provided any actual evidence of undue burden or expense and have provided only generalized claims of employment obligations. *See, e.g. Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2019 WL 4053917, at *2 (S.D.N.Y. Aug. 28, 2019)(finding that plaintiff's hardship based on generalized familial obligations and employment cannot suffice as an exception to the general rule because "virtually every non-resident plaintiff is likely to have some type of family or employment obligations outside the district."); *see also Hui Wang v. Omni Hotels Mgmt. Corp.,* No. 18-CV-2000, 2019 WL 2083296, at *8 (D. Conn. May 13, 2019)("To provide 'good cause' for her motion, Plaintiff must present the *specific facts* that give rise to her hardship." (emphasis in original)). Absent an explanation of how such a brief absence for a single day (or a couple of days, at most) would unusually burden them, the Plaintiffs have not demonstrated good cause for a protective order. *Id*. Furthermore, to accommodate these Plaintiffs, Defendants are willing to hold the depositions on days that would allow for Plaintiffs to miss as few days of work as possible – such as on a Friday or Monday to allow for travel over weekends, or on other days that would allow for travel on regularly scheduled days off of work.

Finally, Plaintiffs state that they have attempted to provide solutions to address Defendants concern about the Plaintiffs' "ability to review documents" and that Plaintiffs provided a solution for that concern. However this was not the sole concern raised by Defendants. In fact, among others, Defendants primary concern has always been that the Plaintiffs require interpreters[3] at their depositions to translate from English to Egyptian Arabic. In Defendants' experience translation is very difficult to use effectively over video conferencing platforms. Defendants did raise this concern to Plaintiffs' counsel, however Plaintiffs have not provided any attempt to address this concern[4]. Defendants believe that this additional challenge presents a prejudice to Defendants that outweighs the prejudice to Plaintiffs, and therefore necessitates in-person deposition. That being said, it is not Defendants' burden to justify taking the named Plaintiffs' depositions in person. They must justify, with detailed facts and evidence, why they cannot appear where they have chosen to sue.

**Deposition of Mohamed Abouelenein**

---

[3] All but one (1) of the Plaintiffs who have been deposed as of the date of this letter did not require interpretation, based on the representation by Plaintiffs' counsel that such interpretation is required.

[4]

Plaintiffs are further seeking an order compelling Defendant Mohamed Abouelenein to be deposed, alleging that he should be required to appear for deposition as an "owner of the corporate defendants" and a party to this action. Defendants, in turn, ask this Court to issue a protective order to protect Mohamed from deposition. A protective order may be granted "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Deposing Mohamed would cause oppression and undue burden on him based upon his current medical conditions. Furthermore, Rule 26(b)(2)(C) gives the Court authority to limit the frequency and extent of discovery otherwise allowed by the Rules if it determines that, among other reasons, the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Deposing Mohamed would be unreasonably duplicative, as the topics which Plaintiffs have identified for the deposition of Mohamed have been addressed at length by other parties, or will be addressed by other parties who have already been noticed for deposition.

First, Plaintiffs argue that Mohamed's deposition is relevant because he was active in the management of the corporation many years ago. As Plaintiffs admit, it has been established that Mohamed has not directly managed any of the corporate defendants since at least 2017. Furthermore, Mohamed was not the only individual "active in the management of the corporation" during this period. Plaintiffs also argue that Mohamed's testimony is relevant because some of the Plaintiffs have testified that he was the person who paid them (i.e. literally handed them their compensation). However, Plaintiffs have also testified that other Defendants paid them, including Ahmed and Abdallah Abouelenein – who have already been deposed – Ahmed Elsaka, whose deposition has already been noticed, Abdelbaset Elsayed, various managers, and occasionally truck drivers who delivered supplies to the food carts. *See, e.g.,* Hegazy Dep. 25:11–23; Soltan Dep. 139:2–13; Abouelkhair Dep. 29:7–16; Sror Dep. 61:21–62:20; Abdelmoneim Dep. 44:2–9; Hossam Ahmed Dep. 78:13– 16, 86:18–87:12. Plaintiffs further allege that Mohamed "led employee meetings in 2017, at which the employees were informed about changes in how they would be paid." There has been testimony from several Plaintiffs that Mohamed was not alone in speaking at this meeting. *See* Ahmed Dep. 96:3–11; Soltan Dep. 78:12–16; Hegazy Dep. 88:7–21; Hossam Ahmed Dep. 131:10–15. Finally, Plaintiffs argue that Mohamed's testimony is relevant because the current CEO of the corporate defendants reports to him "on a regular basis approximate[ly] twice a year." Reporting to all owners of corporate entities on the status of the business twice a year can hardly be considered as reporting to those individuals "on a regular basis." It is clear that Mohamed is not currently, and has not been for approximately six years, involved in the day to day operations of the corporate entities, including pay practices.

Defendants have provided Plaintiffs with a note from Mohamed's doctor which clearly states that Mohamed suffers from several clearly defined, specific medical conditions, including forgetfulness and dizziness, and a "complete lesion of the lumbar spinal cord" which required lower back surgery in October. Per Mohamed's doctor's note, Mohamed is unable to sit for more than half an hour at time due to these injuries. Based on Mohamed's medical conditions, Mohamed will face serious harm from a deposition, and his testimony potentially unreliable. As such, an order prohibiting his deposition is appropriate. Furthermore, Plaintiffs have not demonstrated any topic for which another Defendant in this matter could not testify. Taking all of these factors into consideration, it would therefore be oppressive and an undue burden to require Mohamed Abouelenein to sit for an oral examination. Defendants have offered to have Mohamed provide sworn answers to a limited number of written questions in lieu of deposition – that offer still stands.

Plaintiffs have not shown good cause for a protective order preventing Plaintiffs from appearing in person for deposition, and have not shown good cause for requiring the deposition of Mohamed Abouelenein. For these reasons, Defendants ask this Court to (1) reject Plaintiffs request for protective order, and require Plaintiffs to appear in person for deposition, and (2) enter a protective order prohibiting the deposition of Mohamed Abouelenein.

68051102;1

                                                                    Respectfully Submitted,

                                                                    */s/ Jeffrey Kimmel*
                                                                    Jeffrey A. Kimmel, Esq.

cc: All Counsel of Record (VIA ECF)

68051102;1