UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED HEGAZY, et al., | |
| Plaintiffs, | 22 Civ. 1880 (JHR) |
| -v.- | MEMORANDUM OPINION & ORDER |
| THE HALAL GUYS, INC., et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

On March 27, 2023, Plaintiffs Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Walid Soltan, Ahmed Abouelkhair, Ahmed Abdelmoneim, Khaled Hassan, Hossam Ahmed, Islam Soliman, Naser Dakhly, and Mohamed Ahmdein ("Plaintiffs") filed a letter-motion to compel Defendants The Halal Guys, Inc., All 53 SW Inc., Night 53 SE Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Day 53 SE Inc., Elsalam Enterprise Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein, Ahmed Abouelenein, and Abdullah Abouelenein ("Defendants") to produce certain information relating to employee compensation and hours that was redacted in Defendants' document productions. ECF No. 101 (Pls.' Mot.). For the reasons set forth below, Plaintiffs' letter-motion is GRANTED IN PART and DENIED IN PART.

I.   BACKGROUND

Plaintiffs assert collective and class action claims against Defendants—food service business entities and their alleged individual owners, managers, and operators—for purported violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"). *See* ECF No. 55 (Second Am. Compl.). Under the FLSA, Plaintiffs seek unpaid overtime compensation on behalf of themselves and a collective of "servers and food-cart workers who were employed by Defendants on or after the date that is three years and 385 days prior to the filing of [the Second Amended] Complaint to the entry of judgment in this case." *Id.*

¶ 255; *see id.* ¶¶ 256-258, 269-278.  Plaintiffs' motion for conditional certification of a collective was granted on September 2, 2022.  ECF No. 62.  Under the NYLL, Plaintiffs bring claims to, *inter alia*, "recover unpaid wages, unpaid overtime pay, unpaid spread of hours pay, illegally withheld tips/gratuities, [and] reimbursement of the costs of purchasing required uniforms . . . on behalf of a class of all individuals [including Plaintiffs] employed by Defendants as Food Servers/Food Vendors on or after the date that is six years and 684 days before the filing of the original Complaint in this case until the entry of judgment in this case."  Second Am. Compl. ¶ 259; *see id.* ¶¶ 260-268, 279-300.[1]

At a conference on February 23, 2023, the parties raised a dispute concerning Defendants' productions.  Specifically, Defendants supposedly had redacted information relating to employees who are neither individually named Plaintiffs nor opt-ins into the collective.  After meeting and conferring as directed by the Court, *see, e.g.*, ECF No. 95, the parties were unable to resolve the issue.  On March 27, 2023, Plaintiffs filed the instant letter-motion.  Pls.' Mot.  The letter-motion seeks to compel the production of unredacted versions of records pertaining to pay rate, overtime, tips, "weekly totals of hours worked," and "total compensation" as to individuals "who worked at the locations at issue, during the periods at issue[] in this case."  *Id.* at 4; *see id.* Exs. A, B.

Plaintiffs argue that the redacted information is relevant to their anticipated motion for class certification under Federal Rule of Civil Procedure 23 with respect to their NYLL claims, which are based on alleged unpaid wages, overtime, and spread of hours pay, illegally withheld tips and gratuities, failure to reimburse for uniform costs, and notice violations.  Pls.' Mot. 2-4;

---

[1] The Second Amended Complaint also alleges a cause of action for delayed wage payments under the NYLL on behalf of Plaintiffs Ahmed Abdelmoneim, Naser Dakhly, and Mohamed Ahmdein.  *See* Second Am. Compl. ¶¶ 301-305.

2

ECF No. 112 (Reply) at 2; *see* Second Am. Compl. ¶¶ 279-300.  For example, Plaintiffs "are seeking these records in order to gain information . . . such as how common it was for putative class members to work shifts of over [10] hours and/or workweeks of more than [40] hours, whether the named Plaintiffs are typical of other potential class members in the number of hours and length of their shifts, and whether the number of employees who worked shifts of over [10] hours was sufficient to meet the Rule 23(a)(1) numerosity requirement."  Reply 2.

Defendants oppose on two principal grounds: (1) "concern that Plaintiffs' counsel is seeking information to identify new clients," and (2) Plaintiffs' alleged failure "to explain why the requested discovery is necessary or relevant at this [pre-class certification] stage."  ECF No. 111 (Opp.) at 1.  Defendants also maintain that the production of unredacted records is "overly broad and burdensome."  *Id.* at 5.  On reply, Plaintiffs argue that Defendants have neither demonstrated that the redacted information should be protected from disclosure (*e.g.*, on confidentiality grounds) nor established that producing unredacted versions of the documents would be unduly burdensome.  Reply.  In addition, Plaintiffs dispute that they can identify new clients using the unredacted records, which would only include employees' names (without any contact or identifying information).  *Id.* at 1-2.

## II.     LEGAL STANDARD

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process."  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept."  *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)).  "Once relevance has been shown, it is up to the responding party to

justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) (quoting *Trilegiant Corp.*, 275 F.R.D. at 431). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, No. 01-CV-07888 (SAS) (DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

A party seeking class certification must demonstrate by a preponderance of the evidence that all the requirements of Federal Rule of Civil Procedure 23 have been met. *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013). "'Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate' in light of the requirements set out in Rule 23." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (quoting *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06-CV-06198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)). "The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [the Rule 23(a)] requirements; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Rahman*, 2007 WL 1521117, at *3 (quoting *Nat'l Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980)).

Plaintiffs alleging class-wide wage and hour violations under the FLSA are entitled to pre-certification discovery of compensation and hour information pertaining to the putative class where such information "would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable," and/or "that common questions predominate over any individual issues as required by Rule 23." *Benavides*, 166 F. Supp. 3d at 492; *see*, *e.g.*, *Pagan v. C.I. Lobster Corp.*, No. 20-cv-07349 (ALC) (SDA), 2021 WL 4239200, at *2-3 (S.D.N.Y. Sept. 17, 2021); *Hernandez v. NHR Hum. Res., LLC*, No. 20-CV-03109 (PGG) (DF),

2021 WL 2535534, at *19 (S.D.N.Y. June 18, 2021).  The names and contact information of potential class members may also be discoverable if they are "relevant to demonstrating satisfaction of Rule 23 requirements." *Benavides*, 166 F. Supp. 3d at 491.

"However, some courts have refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Id.* (citation and quotations omitted).  Others have deemed such a request "potentially cumulative and thus premature, where a plaintiff has not demonstrated that [plaintiff's] ability to demonstrate commonality, predominance and typicality will . . . necessarily require obtaining discrete employment information from any individual class members." *Id.* (citation and quotations omitted) (cleaned up); *see*, *e.g.*, *Pagan*, 2021 WL 4239200, at *2-3 (finding that plaintiff was entitled to wage and hour and other related documents as to potential class members but permitting defendants to redact information regarding class members' "identities and/or contact information," as plaintiff did not show that communication with potential class members was necessary to support his assertions under Rule 23); *Hernandez*, 2021 WL 2535534, at *19 (ordering defendants to produce certain wage and hour documents but denying without prejudice plaintiff's request for contact information for all putative class members).

### III.   DISCUSSION

Plaintiffs have established a need for compensation and hour information relating to the putative Rule 23 class of "Food Servers" and "Food Vendors" employed by Defendants "on or after the date that is six years and 684 days before the filing of the original Complaint . . . until the entry of judgment in this case." Second Am. Compl. ¶ 259.  Their application to compel production of that information is GRANTED.  Plaintiffs have failed, however, to demonstrate the

relevance of employees' names to their anticipated Rule 23 motion. Their request for that material is DENIED.

### A. Compensation and Hour Information

Plaintiffs' putative class claims seek, *inter alia*, "unpaid wages, unpaid overtime pay, unpaid spread of hours pay, illegally withheld tips/gratuities, [and] reimbursement of the costs of purchasing required uniforms" under the NYLL. Second Am. Compl. ¶ 259; *see id.* ¶¶ 279-300. Plaintiffs assert that the requested records would yield, for example, "information . . . such as how common it was for putative class members to work shifts of over [10] hours and/or workweeks of more than [40] hours, whether the named Plaintiffs are typical of other potential class members in the number of hours and length of their shifts, and whether the number of employees who worked shifts of over [10] hours was sufficient to meet the Rule 23(a)(1) numerosity requirement." Reply 2. Plaintiffs also append to their letter-motion examples of Defendants' redacted records, which appear to contain information pertaining to employees' pay rate, overtime, tips, hours worked, and total compensation. *See* Pls.' Mot. Exs. A, B.

Contrary to Defendants' contentions, *see* Opp. 1-3, Plaintiffs have sufficiently demonstrated that the compensation (including wage) and hour-related materials they seek "would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues," and therefore are relevant to their anticipated motion for class certification. *Benavides*, 166 F. Supp. 3d at 492. Courts frequently permit pre-certification discovery of similar compensation and hour documents on the basis that such materials are relevant to class certification of wage and hour claims. *See*, *e.g.*, *Marin v. Apple-Metro, Inc.*, No. 12-CV-05274 (ENV) (CLP), 2023 WL 2060133, at *4-5 (E.D.N.Y. Feb. 8, 2023) (finding that payroll records were "sufficiently relevant to class certification," including on the ground that plaintiffs in a

wage and hour class action must demonstrate commonality, for example, through proof of a company policy to deny wages to which they were entitled); *Pagan*, 2021 WL 4239200, at *2-3 (requiring defendants to produce for the purported class "wage notices, records of hours worked, records of compensation paid, wage statements, notices of tip credit and descriptions of job duties and/or titles" and "[d]ocuments sufficient to show [d]efendants' policies regarding wage and hour notices and reporting time" (footnotes omitted)); *Hernandez*, 2021 WL 2535534, at *19 (finding that plaintiff was entitled to wage and hour information relating to putative class certification, even where plaintiff's arguments in support of that discovery were "fairly conclusory"); *Benavides*, 166 F. Supp. 3d at 492 (holding that plaintiff was entitled to wage and hour documents, tip records, records relating to defendants' commission payments, and employer text messages, despite the "cursory argument" by plaintiff that the documents were relevant to class certification).

Defendants maintain, without elaborating, that the information sought by Plaintiffs is "overly broad." Opp. 5. Defendants also contend that such information is available through other means—for example, from collective discovery that Defendants have already produced. *Id.* at 4. Defendants do not explain how collective discovery would suffice for purposes of Plaintiffs' class certification motion, particularly given that Plaintiffs' Rule 23 class claims are broader than Plaintiffs' collective claims. *See Marin*, 2023 WL 2060133, at *9; *compare* Second Am. Compl. ¶¶ 269-278, *with id.* ¶¶ 259, 279-300.[2]

---

[2] Defendants liken Plaintiffs' requests to the pre-class certification discovery denied in *Roach v. T.L. Cannon Corp.*, No. 10-CV-00591 (TJM) (DEP), 2012 WL 13201834, at *4 (N.D.N.Y. Aug. 1, 2012), *aff'd*, No. 10-CV-00591, 2012 WL 13201835 (N.D.N.Y. Oct. 10, 2012). Opp. 3-4. Although that case held that "the information necessary to support a class certification motion [was] available to the plaintiffs through other means," the defendants, unlike here, had already produced "[a] great deal of class certification discovery." *Roach*, 2012 WL 13201834, at *1-4. In addition, in contrast to the information sought by Plaintiffs, the materials requested by the

Defendants further argue, without any support, that Plaintiffs' requested discovery is "burdensome." Opp. 5. Vague assertions of "burden" do not provide a basis to withhold otherwise relevant materials from production. *See Melendez*, 2003 WL 22434101, at *4. Instead, "if [Defendants] wish to resist discovery on the ground of burden, then they must adequately demonstrate the nature and extent of the claimed burden." *Id.*; *see Marin*, 2023 WL 2060133, at *7. Defendants have not done so. *Cf. Roach*, 2012 WL 13201834, at *4 (denying plaintiffs' request for pre-certification class-wide discovery due to, *inter alia*, the "extreme burden upon the defendants of collecting and producing the materials sought, as documented in defendants' submissions"). In any event, it is not apparent why reproducing without redaction the same materials Defendants have already produced would be unduly burdensome.

In short, Defendants' "[g]eneral and conclusory objections" are "insufficient," *Melendez*, 2003 WL 22434101, at *1, and do not overcome Plaintiffs' need for "sufficiently broad" discovery relating to their potential class certification motion, *Rahman*, 2007 WL 1521117, at *3. *See*, *e.g.*, *Marin*, 2023 WL 2060133, at *8 (finding that defendants failed to demonstrate that plaintiffs' class certification-related discovery would be unduly burdensome to produce); *Benavides*, 166 F. Supp. 3d at 492 (ordering defendants to produce materials where they "made no showing that production would be unduly burdensome and instead argue[d] only that such discovery [was] inappropriate at [that] time and that [plaintiff] [would] not succeed in achieving class certification"). Accordingly, Plaintiffs are entitled to the requested compensation and hour information as it relates to the putative Rule 23 class.

---

plaintiffs in *Roach* were of "minimal relevance," particularly "when balanced against the extreme burden upon the defendants of collecting and producing the materials sought." *Id.* at *4.

8

### B. Names of Putative Class Members

Regarding putative class members' names, Plaintiffs have "made no showing that communication with individual members of the putative class is necessary to support [their] assertions under Rule 23," nor that this information is otherwise "relevant to demonstrating satisfaction of Rule 23 requirements." *Benavides*, 166 F. Supp. 3d at 491-92 (denying production of contact information regarding putative class members); *see, e.g.*, *Pagan*, 2021 WL 4239200, at *3 (denying discovery of "identities and/or contact information" of the putative class); *Hernandez*, 2021 WL 2535534, at *19 (denying production of putative class members' contact information). Plaintiffs aver that the records at issue "do not contain any contact information" or "identifying information." Reply 1-2. Plaintiffs acknowledge, however, that these records include the names of individuals who worked for Defendants. *See id.* at 2. This information could be used to identify those employees. *See Pagan*, 2021 WL 4239200, at *3 (holding that plaintiffs were not entitled to discover employees' identities). Accordingly, insofar as the unredacted records requested by Plaintiffs include putative class members' names or any other identifying information, Plaintiffs' request is denied without prejudice to renewal should they demonstrate that such information is relevant to class certification. *See Hernandez*, 2021 WL 2535534, at *19; *Benavides*, 166 F. Supp. 3d at 492.

### CONCLUSION

For the foregoing reasons, Plaintiffs' letter-motion to compel the production of unredacted records is GRANTED IN PART and DENIED IN PART. Within 30 days, Defendants shall produce the requested information in accordance with this Memorandum Opinion and Order.

The Clerk of Court is directed to terminate ECF No. 101.

SO ORDERED.

Dated: July 7, 2023
      New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge