UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED HEGAZY, et al.,

                        Plaintiffs,

                -v.-

THE HALAL GUYS, INC., et al.,

                        Defendants.

22 Civ. 1880 (JHR)

MEMORANDUM OPINION AND ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiffs' motion for leave to file a third amended complaint. ECF No. 134 (Mot.). Defendants oppose on the grounds that Plaintiffs "have clearly unduly delayed seeking to amend" and that "the proposed amendments . . . would cause undue prejudice to Defendants." ECF No. 139 (Opp.) at 7. For the reasons stated below, Plaintiffs' motion is GRANTED.

## I.     BACKGROUND

The Court presumes familiarity with the factual and procedural history of this case and provides background only to the extent necessary to resolve the instant motion.

Plaintiffs[1] are former employees of Defendants[2] who worked as food servers and food-cart workers in Defendants' restaurants and food trucks. On March 4, 2022, Plaintiffs commenced this action asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, §§ 190, 650 *et seq.* ("NYLL"). *See* ECF No. 1

---

[1] Plaintiffs are Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Walid Soltan, Ahmed Abouelkhair, Ahmed Abdelmoneim, Khaled Hassan, Hossam Ahmed, Islam Soliman, Naser Dakhly, and Mohamed Ahmdein (the "Named Plaintiffs"), as well as the opt-in plaintiffs.

[2] Defendants are The Halal Guys, Inc., All 53 SW Inc., Night 53 SE Inc., Day 53 SE Inc., Elsalam Enterprises, Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein, Ahmed Abouelenein, and Abdullah Abouelenein.

(Compl.). On April 28, 2022, Plaintiffs filed the First Amended Complaint (the "FAC"). *See* ECF No. 20 (FAC).

On May 26, 2022, Plaintiffs moved for conditional certification of an FLSA collective and court facilitation of notice pursuant to 29 U.S.C. § 216(b), *see* ECF Nos. 27-33, which Defendants opposed, *see* ECF Nos. 38-40. On August 16, 2022, Plaintiffs filed the Second Amended Complaint (the "SAC"), *see* ECF No. 55 (SAC), which remains the operative pleading. On September 2, 2022, the judge previously assigned to this case[3] granted Plaintiffs' motion for conditional certification and court facilitation of notice, ordering that potential collective members would "have forty-five days to join the collective, or until November 29, 2022." ECF No. 62 at 9. On September 30, 2022, Defendants requested an extension of the opt-in deadlines, *see* ECF No. 65, which the Court granted, *see* ECF No. 67. The opt-in period closed on December 12, 2022. *Id.*

On March 7, 2023, the parties filed a joint status letter. *See* ECF No. 96. The joint letter provides, in relevant part:

> Plaintiffs have determined that many of the opt-in plaintiffs have claims under the NYLL and New York City law. Because Plaintiffs believe that it is more efficient to amend their complaint to name each opt-in plaintiff and add those claims – rather than bringing a second action – they intend to move to amend their complaint after completing interrogatory and document discovery (prior to depositions).

*Id.* at 4. On March 24, 2023, the Court ordered the parties to file, by July 26, 2023, "a joint status letter informing the Court whether, and by when, Plaintiffs wish to move for leave to file an amended complaint." ECF No. 100 at 2.

---

[3] This case was initially assigned to the Honorable Lorna G. Schofield. It was reassigned to this Court in 2023.

On July 20, 2023, Defendants filed a letter-motion on behalf of all parties requesting an extension of time to complete depositions and fact discovery. ECF No. 126. The letter-motion states, in relevant part:

> The parties now jointly seek an extension of time to complete depositions, and to complete all discovery. Plaintiffs have informed Defendants that they intend to seek leave to amend their Complaint, and represent that certain amendments to the Complaint relate to individuals who have not yet been deposed. For that reason, the parties seek to extend the time to complete depositions to sixty (60) days after this Court's decision with respect to Plaintiffs' motion to amend the Complaint, and the deadline to complete all discovery to be ninety (90) days after this Court's decision with respect to Plaintiffs' motion to amend the Complaint.
>
> . . . .
>
> Finally, pursuant to this Court's scheduling order of March 24, 2023 (ECF No. 100), Plaintiffs will be seeking to amend their Complaint. Defendants will therefore require time to seek discovery on the Amended Complaint.

*Id.* at 1-2. The Court granted the requested extension and ordered that, "[w]ithin 60 days of the Court's decision on Plaintiffs' anticipated motion for leave to file an amended complaint, the parties shall complete depositions; within 90 days of that decision, the parties shall complete fact discovery." ECF No. 127. Thereafter, Plaintiffs filed the instant motion, *see* Mot., and supporting papers, *see* ECF Nos. 135 (Mem.), 136 (Decl.); Defendants filed their opposition, *see* Opp.; and Plaintiffs filed their reply, *see* ECF Nos. 140 (Reply), 141 (Reply Decl.).

The proposed third amended complaint changes the SAC in several respects, including to (i) correct the spelling of certain parties' names; (ii) remove a named Plaintiff who has withdrawn from the action; (iii) remove the claim for failure to pay costs of uniforms; (iv) add twenty-three opt-in plaintiffs to the caption; and (v) add a cause of action under the New York

3

City Fair Workweek Law (the "FWWL"), N.Y.C. Admin. Code §§ 20-1201 *et seq*. *See* Mem. Ex. B. Defendants object to the addition of any claims under the FWWL, arguing that Plaintiffs "have clearly unduly delayed seeking to amend" and that "the proposed amendments to the Second Amended Complaint would cause undue prejudice to Defendants." Opp. at 7.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). "A litigant may be 'prejudiced' within the meaning of the rule if the new claim would '[] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [] significantly delay the resolution of the dispute; or [] prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Pasternack v. Shrad*er, 863 F.3d 162, 164 (2d Cir. 2017) (quoting *Block*, 988 F.2d at 350). Ultimately, "[a]s [the Second Circuit] ha[s] explained, the 'permissive standard' of Rule 15 'is consistent with [this Circuit's] strong preference for resolving disputes on the merits.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)) (vacating denial of motion for leave to amend).

4

## III.    DISCUSSION

Defendants' argument that Plaintiffs have unduly delayed in seeking leave to amend is without merit. In FLSA collective actions, it is "reasonabl[e] [to] await[] the close of the opt-in period" before seeking leave to amend. *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014). As recounted above, less than 90 days after the close of the opt-in period, Plaintiffs stated that they "ha[d] determined that many of the opt-in plaintiffs have claims under the NYLL and New York City law" and that they intended to seek leave "to amend their complaint to name each opt-in plaintiff and *add those claims* . . . after completing interrogatory and document discovery." ECF No. 96 at 2 (emphasis added). Based on Plaintiffs' express intention to add claims under the NYLL and New York City law, as to which Defendants did not object, the Court directed the parties to file "a joint status letter informing the Court whether, and by when, Plaintiffs wish to move for leave to file an amended complaint." ECF No. 100 at 2. In the joint letter, Defendants again did not object.

Defendants "cannot show that [Plaintiffs'] delay was significant or undue, because they participated in causing it[.]" *Grant v. Citibank (S. Dakota), N.A.*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754, at *8 (S.D.N.Y. Dec. 6, 2010) (granting leave to amend); *see State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 147 (E.D.N.Y. 2007) (deeming delay in amending the complaint "reasonable" and granting leave to amend where "Defendants were well aware of Plaintiff's intent to amend the complaint, as well as the substance of those amendments, at least" seven months before the plaintiff filed its motion and "[t]herefore, Defendants cannot claim that they were without notice of the new allegations or that the delay would be 'undue'").

Defendants' undue prejudice argument is similarly unavailing. Defendants argue that "the proposed amendments concern an entirely new set of operative facts, and none of the prior versions of the complaint (including the operative Second Amended Complaint) provided notice

5

to Defendants of these claims." Opp. at 12.  While earlier versions of the Complaint may not have presaged Plaintiffs' New York City FWWL claims, Defendants were indisputably on notice for at least five months before filing the instant motion, when Plaintiffs reported that they "ha[d] determined that many of the opt-in plaintiffs have claims under the NYLL and *New York City law*." ECF No. 96 at 2 (emphasis added).  In fact, Plaintiffs expressly stated that they "believe[d] that it [was] more efficient to *amend their complaint* to name each opt-in plaintiff and *add those [New York City law] claims* – rather than bringing a second action" and therefore "*intend[ed] to move to amend their complaint* after completing interrogatory and document discovery (prior to depositions)." *Id.* (emphasis added).

"[L]ess threat of prejudice exists where a new claim arises from a set of operative facts" that were "alluded to in earlier pleadings or motions." *Xpressions Footwear Corp. v. Peters*, No. 94 Civ. 6136 (JGK), 1995 WL 758761, at *4 (S.D.N.Y. Dec. 22, 1995) (granting leave to amend).  Plaintiffs identified "new facts and allegations [that] were developed during discovery [and] are closely related to the original claim," *id.* at *2, and they raised those allegations early enough for Defendants to plan for related discovery, *Fontoine v. Permanent Mission of Chile to United Nations*, No. 17 Civ. 10086 (AT) (HBP), 2019 WL 2482374, at *3 (S.D.N.Y. June 14, 2019) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d. Cir 2010)) (clarifying that prejudice is "particularly likely" to be found "where the parties have already completed discovery and the defendant has moved for summary judgment"). Indeed, pursuant to the parties' *joint* application to extend discovery pending the Court's decision on Plaintiffs' forthcoming motion for leave to amend, the deadline to complete depositions was extended to "[w]ithin 60 days of the Court's decision on Plaintiffs' anticipated motion for leave to file an amended complaint," and the deadline to complete fact discovery was extended to "within 90 days of that decision." ECF No. 127 at 2.  "[T]he action has not

6

progressed so far that amending the pleadings at this stage would prejudice [Defendants] in preparation for trial," *Xpression Footwear*, 1995 WL 758761, at *4 (rejecting prejudice argument because "[d]iscovery remains open, no dispositive motions have been filed, and the trial date has not yet been determined").

Defendants also object that the proposed amendments supposedly will require them "to expend substantial additional resources to conduct further discovery and prepare for trial," emphasizing that "there has already been extensive discovery [] conducted in this matter." Opp. at 8. It is well established, however, that "[t]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1357946, at *4 (S.D.N.Y. May 12, 2009) (quoting *United States v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989)); *see Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455 (S.D.N.Y. 2016) (rejecting argument that additional discovery warranted denying leave to amend and noting that, "[w]hile some additional discovery will certainly be necessary, the possibility that an amendment will require the expenditure of additional time, effort, or money [does] not constitute undue prejudice'" (alteration in original) (internal quotation marks omitted)).

Finally, the Court agrees with Plaintiffs that, "[e]ven if Defendants . . . have to expend some amount of additional resources[] to litigate the additional FWWL claim, those resources are unlikely to be as great as the parties would have to expend if Plaintiffs are forced to bring a second action to vindicate their claims." Mem. at 9-10. Denying leave to amend and "forcing [Plaintiffs] to seek relief [for their FWWL claims] in [a] separate action[] would be illogical and unnecessarily duplicative." *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21 Civ. 7740 (JPC) (RWL), 2023 WL 6066168, at *4 (S.D.N.Y. Sept. 18, 2023) (internal quotation

marks omitted) (cleaned up) (granting leave to amend); *accord Randolph-Rand Corp. of New York v. Tidy Handbags, Inc.*, No. 96 Civ. 1829 (DCF), 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001) ("[F]orcing [Plaintiff] to institute a new action against the [] defendants would run counter to the interests of judicial economy.  If that separate lawsuit were not eventually consolidated with this one, it might well require the repetition of many of the same efforts expended in this case."); *see also Scott*, 300 F.R.D. at 199 (granting motion to amend FLSA complaint to add state law claims and noting that "FLSA's broad remedial nature and its collective action provision suggest that the act contemplates this very situation, and given the choice between litigating each claim separately or in the aggregate, it favors the latter").

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend the Complaint is GRANTED.  Plaintiffs shall file the Third Amended Complaint by one week from the date of this Order.  It is further ordered that, by 60 days from the date of this Order, the parties shall complete depositions; by 90 days from date of this Order, the parties shall complete fact discovery.

The Clerk of Court is directed to terminate ECF No. 134.

SO ORDERED.

Dated: August 28, 2024
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge