UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMED HEGAZY et al.,

                          Plaintiffs,

-v.-

THE HALAL GUYS et al.,

                          Defendants.

22 Civ. 1880 (JHR)

MEMORANDUM OPINION &
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/31/2025

JENNIFER H. REARDEN, District Judge:

      Before the Court are the objections of Plaintiffs Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Walid Soltan, Ahmed Abouelkhair, Ahmed Abdelmoneim, Khaled Hassan, Hossam Ahmed, Islam Soliman, Naser Dakhly, and Mohamed Ahmdein (the "Named Plaintiffs"), together with Plaintiffs Mohamed Eshiba, Ahmed Elbohy, Mahmoud Elnahtawy, Allen Eti, Moustapha Fall, Mahmoud Elnagar, Mahmoud Elganzoury, and Ndeye Soukeye Thiam (the "Arbitration Plaintiffs"), pursuant to Federal Rule of Civil Procedure 72(a), to Magistrate Judge Katharine H. Parker's December 27, 2023 Opinion and Order (the "Order") granting Defendants' motion to compel arbitration. ECF No. 154 (Mot.). For the reasons that follow, the Court sustains one objection to a factual error in a footnote and overrules all other objections.

## I.    BACKGROUND[1]

      Plaintiffs are food servers and food-cart workers who were employed by Defendants The Halal Guys, Inc., All 53 Sw Inc., Night 53 Se Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Day 53 Se Inc., Elsalam Enterprise Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein. ECF No. 164 (Third Amended Complaint) ¶¶ 9-81. On March 4, 2022, they filed this action alleging violations of the

---

[1] The Court assumes the parties' familiarity with the factual background of this case and only notes the facts relevant to this Memorandum Opinion & Order, which are not in dispute.

Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"). ECF No. 1. On September 2, 2022, the Court granted Plaintiffs' motion to certify a collective and class action pursuant to 29 U.S. § 216(b).[2] ECF No. 62.

On March 31, 2023, Defendants moved to compel arbitration with respect to the claims asserted by the Arbitration Plaintiffs. ECF No. 106. Once the motion was fully briefed, on June 1, 2023, the Court referred it to Magistrate Judge Katharine H. Parker. ECF No. 123. On December 27, 2023, Judge Parker granted Defendants' motion and ordered the Arbitration Plaintiffs' claims "excluded from the class and collective action, and their claims [] stayed pending arbitration." ECF No. 153 (Op.) at 17-18. In short, Judge Parker held that (1) Defendants and the Arbitration Plaintiffs formed an agreement to arbitrate, and (2) the agreement was enforceable. *Id.*

On January 10, 2024, Plaintiffs filed objections to the Order, contending that the "portion of the Order that requires" Mohamed Eshiba, Ahmed Elbohy, Mahmoud Elnahtawy, Mahmoud Elnagar, and Mahmoud Elganzoury (the "Objecting Plaintiffs") "to file their claims in arbitration" was "clearly erroneous or contrary to settled law." Mot. at 3-4.[3] On January 11, 2024, Defendants opposed Plaintiffs' objections. ECF No. 157 (Opp.). On February 1, 2024, Plaintiffs filed a letter-motion seeking leave to submit a reply in further support of their objections or, in the alternative, for the Court to consider the letter-motion itself to be Plaintiffs'

---

[2] This case was originally assigned to the Honorable Lorna G. Schofield and reassigned to this Court in 2023.

[3] On January 19, 2024, Plaintiffs also moved to stay Judge Parker's directive that Plaintiffs' counsel "promptly file the claims of the Arbitration Plaintiffs in the appropriate arbitration for[u]m . . . ," as set forth in the Court's Order, until the Court ruled on their objections. ECF No. 156. In light of this Memorandum Opinion & Order resolving Plaintiffs' objections, the motion is denied as moot.

reply and to make it part of the record. ECF No. 158. The Court grants this application and deems the letter-motion to be Plaintiffs' reply.

## II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine non-dispositive pretrial matters.[4] District courts "must consider timely objections" to a magistrate judge's ruling on such matters and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *Soler v. United States*, No. 10 Civ. 4342 (RJH), 2010 WL 5173858, at *2 (S.D.N.Y. Dec. 20, 2010). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed.'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (internal quotation marks omitted).

---

[4] "Although the Second Circuit has not yet addressed the issue, a number of well-reasoned District Court decisions within this Circuit have concluded that a motion to compel arbitration is non-dispositive. . . ." *Marcus v. Collins*, No. 16 Civ. 4221 (GBD) (BCM), 2016 WL 8201629, at *1 n.1 (S.D.N.Y. Dec. 30, 2016) (collecting cases). "The First and Third Circuits, which are the only two Courts of Appeal to have decided the issue, have both held that orders granting or denying motions to compel arbitration and stay[ing] litigation pending arbitration are non-dispositive." *Id.* (citing *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 Fed. App'x 131, 134 (3d Cir. 2014); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010)).

### III.   DISCUSSION

Plaintiffs object to the Order on five grounds.  The Court strikes one footnote from the Order but otherwise rejects all five objections.

First, Plaintiffs contend that the Order "incorrectly draw[s] inferences in favor of Defendants, the moving party, and ignor[es] and misstat[es] Plaintiffs' evidence and the inferences to be drawn from that evidence."  Mot. at 3.  Plaintiffs do not object to the Order's conclusion that "an agreement to arbitrate exists between the Arbitration Plaintiffs and Defendants."  Op. at 9.  Instead, they argue only that the Arbitration Agreement was not enforceable.  Mot. at 7-13.  Thus, "the burden shifts to the [Objecting Plaintiffs] to put the making of th[e] agreement 'in issue.'"  *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010).  As the Order recognizes, though, "[w]hen deciding a motion to compel arbitration, courts apply a similar standard to summary judgment and consider 'all relevant, admissible evidence submitted by the parties,' drawing 'all reasonable inferences in favor of the non-moving party.'"  Op. at 5 (quoting *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017)); *see Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 49 (2d Cir. 2022).  "Although the nonmoving party is entitled to have inferences drawn in [their] favor at summary judgment, such inferences must be supported by record evidence."  *Noll v. IBM*, 787 F.3d 89, 97 n.6 (2d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The Order does not "ignore[] the standard for deciding motions to compel arbitration," ECF No. 155 (Br.) at 6, such that it is "contrary to law," Fed. R. Civ. P. 72(a).  Plaintiffs argue that the Order "ignored" statements in the Arbitration Plaintiffs' declarations suggesting that Defendants used high-pressure tactics to rush Plaintiffs to sign the Arbitration Agreement.  Br. at 12.  These statements include (1) Plaintiff Elganouzy's declaration that "he asked to take the papers home with him so that he could review them before he signed" but was told "they were

4

normal papers to sign before starting work and that [he] should just sign them," Br. at 12 (quoting Elganzoury Dec. ¶ 6-7), and (2) Plaintiffs Eshiba, Elbohy, and Elnahtawy's declarations "that they only had a few minutes to review the documents before they signed because they had to hurry back to work," Br. at 12; *see* Elbohy Decl. ¶¶ 6-7; Esiba Decl. ¶ 7; ECF No. 116 (Elnahtawy Decl.) ¶ 8-9 (affirming that "Human Resources gave [him] a lot of papers to sign," including "a new employee handbook for which [he] had to sign four acknowledgments"). Judge Parker concluded, however, that "the evidence in the record d[id] not support a finding that Defendants forced the Arbitration Plaintiffs to sign the agreements in a hurry," and noted the Arbitration Plaintiffs' "affidavits suggesting that, to the extent they signed the Arbitration Agreements in a hurry, this was due to their own desire to get back to work, and not because they were forced to do so by Defendants." Op. at 12 (citing ECF No. 117 (Elbohy Decl.) ¶¶ 6-7 ("We could only spend a minute or two signing because we had to hurry back to work."); ECF No. 119 (Esiba Decl.) ¶ 7 ("Because of the pressure of work we only had two or three minutes in which to sign.")).

"Without more," Plaintiffs' declarations are "insufficient to substantiate Plaintiffs' claim that the Agreement is procedurally unconscionable." *Suqin Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 391 (S.D.N.Y. 2017) (holding that, "[e]ven if Defendants' secretary told [non-English speaker] Plaintiffs to sign immediately, that would not suffice to establish procedural unconscionability"); *see Victorio v. Sammy's Fishbox Realty Co., LLC*, No. 14 Civ. 8678 (CM), 2015 WL 2152703, at *13 (S.D.N.Y. May 6, 2015) (concluding that an arbitration agreement was enforceable, despite Plaintiffs concerns that they would "los[e] their jobs" if they did not sign it, because "there [wa]s no evidence that anyone actually uttered such a threat" and "even if someone had, that would not be enough to make the agreement unconscionable"). Accordingly,

the Order's conclusion that Plaintiffs did not "me[e]t their burden to show procedural unconscionability," Op. at 13, is not clearly erroneous or contrary to law.

Similarly, it is not contrary to law or clearly erroneous to conclude that the "fee-splitting provision of the arbitration agreement w[ould] not be prohibitively costly for any employee." Br. at 13 (quoting Op. at 14). As the Order recognizes, "the Arbitration Agreement provides that Defendants will cover the cost of arbitration if the employee submits financial records at the time of filing the arbitration claim that confirm the employee is unable to pay one half of the arbitrator's fees." Op at 13 (citing ECF No. 121-2 (Arbitration Agreement) at 43-44). Because "Plaintiffs [only] assert[ed] in a conclusory fashion that they are not be able to afford arbitration costs," without providing "financial records or other evidence of inability to pay," they did "not demonstrate[] that splitting arbitration fees with Defendants would preclude them from pursuing their rights in the arbitral forum." *Id.*

The statement in a footnote that Defendant Mahmoud Elnagar "signed the Agreement in October, after notice of the instant litigation had been posted," Op. at 12 n.6, however, is "clearly erroneous." Fed. R. Civ. P. 72(a). Elnagar signed the Arbitration Agreement on October 6, 2022. *Id*. at 4; ECF No. 150-2 (Elnagar Decl.) ¶ 12. Defendants' deadline to disclose the opt-in plaintiffs' names and contact information was October 14, 2022, and Plaintiffs' deadline to publish notice of the collective to these opt-in plaintiffs was October 28, 2022. ECF No. 67. According to Plaintiffs, "the collective notice was promulgated on October 28, 2022." Br. at 154. The Order is therefore "modif[ied]" to strike the erroneous footnote. Fed. R. Civ. P. 72(a). This modification, however, does not disturb the Order's legal conclusion that the Arbitration Agreement was enforceable. *See* Op. at 15-16.

Second, Plaintiffs argue that the Order "ignores the analysis in *Lawrence v. NYC Med. Prac., P.C.*, 2023 WL 4706126 (S.D.N.Y. July 21, 2023)." Mot. at 3. In concluding that an

6

arbitration agreement was not unconscionable, *Lawrence* weighed factors identified in the New York Court of Appeals' decision in *Gillman v. Chase Manhattan Bank, N.A.*, including "[t]he size and commercial setting of the transaction, whether deceptive or high-pressure tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power." *Lawrence*, 2023 WL 4706126, at *9 (quoting *Gillman*, 73 N.Y.2d 1, 10-11 (1988)). The Order references *Lawrence* for its discussion of one of those factors—the "use of fine print." Op. at 12 (concluding that clear contractual language, like the language in the Arbitration Agreement, "significantly militates against finding the agreement[] to be procedurally unconscionable" (quoting *Lawrence*, 2023 WL 4706126, at *11)). *Lawrence* recognizes that "the 'use of fine print' factor may "cut[] strongly against finding procedural unconscionability." *Lawrence*, 2023 WL 4706126, at *11. Thus, the Order's discussion of *Lawrence*, a persuasive authority, is not "contrary to law." Fed. R. Civ. P. 72(a).

Third, Plaintiffs assert that the Order improperly "severs the unconscionable shortening of the statute of limitations of FLSA claims rather than finding the arbitration agreement unconscionable." Mot. at 3. Judge Parker accepted Defendants' agreement "to waive the statute of limitations provision [in the Arbitration Agreement] as to Plaintiffs' FLSA claims." Op. at 14. As the Order properly recognizes, "New York courts have accepted offers by parties to waive the enforcement of certain provisions of arbitration agreements[] and have evaluated those agreements as modified by the parties' after-the-fact waivers." *Id.* (quoting *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 124 (2d Cir. 2010)). Because "New York law would allow for the enforcement of the arbitration agreement as modified by the defendants' waivers," *Ragone*, 595 F.3d at 124, it is not contrary to law or clearly erroneous to "accept Defendants' offer to waive the one-year contractual limitations period for the FLSA claims." Op. at 15.

Fourth, Plaintiffs contend that the Order "appears to be based on older cases promoting 'a strong federal policy favoring arbitration,' and ignores the Supreme Court's clarification that arbitration agreements are equally as enforceable as other contracts, but no more so." Mot. at 3 (internal citations omitted). Plaintiffs refer to *Morgan v. Sundance, Inc.*, which held that courts may not "create arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the FAA's 'policy favoring arbitration.'" 596 U.S. 411, 417 (2022). Here, however, the Order relies on principles grounded in state contract law, *see, e.g.,* Order at 6-7, 9-10—not "novel rules" devised "to favor arbitration over litigation," *Morgan*, 596 U.S. at 418. Its analysis therefore is not contrary to law or clearly erroneous.

Fifth, Plaintiffs contend that the Order "ignores the distinction between discrimination claims where the shortening of the limitations period does not affect the damages and NYLL claims where a shortened limitations period will eliminate most of the damages that the Objecting Plaintiffs are owed and make it impossible for them to vindicate their claims." Mot. at 3-4. "New York courts routinely enforce contract provisions shortening the limitations period for bringing any claim against a party where the 'shortened statute of limitations . . is reasonable and agreed to by contract.'" Op. at 15 (quoting *Wechsler v. HSBC Bank USA, N.A.*, 2016 WL 1688012, at *2 (S.D.N.Y. Apr. 26, 2016)). Plaintiffs argue that "shortening the . . . NYLL limitations period[] has a substantive impact on a plaintiff's claims and his available damages" because "[u]nlike discrimination claims, '[u]nder the FLSA [and the NYLL], an employee with a timely claim can recover damages for pay periods only as far back as the statute of limitations reaches.'" Br. at 17 (quoting *Chandler v. International Business Machines Corp.*, 21 Civ. 6319 (JGK), 2022 WL 2473340, at *6 n. 3 (S.D.N.Y. July 6, 2022)). But Plaintiffs cite no authority distinguishing between the application of these provisions to NYLL claims, on the one hand, and to discrimination claims, on the other. Indeed, Plaintiffs' only case, *Chandler*, refers exclusively

8

to the FLSA—not the NYLL.  *See Chandler*, 2022 WL 2473340, at *6 n. 3.  Under the "highly deferential" Rule 72(a) standard of review—and in the absence of any contrary precedent—the Order is not contrary to law or clearly erroneous in rejecting the argument that the one-year limitations period for Plaintiffs' NYLL claims rendered the Arbitration Agreement substantively unconscionable.  *Sec. & Exch. Comm'n v. Genovese*, 553 F. Supp. 3d 24, 38 (S.D.N.Y. 2021).

## IV.  CONCLUSION

For the foregoing reasons, the Court sustains in part and overrules in part Plaintiffs' objections to the Order.  The Order is modified to strike footnote six but is otherwise upheld.

The Court grants Plaintiffs' application to submit a reply in further support of their Rule 72(a) objections, ECF No. 158, and deems the letter-motion to be Plaintiffs' reply.  In light of this Memorandum Opinion & Order, the Court denies as moot Plaintiffs' motion to stay arbitration pending a ruling on their Rule 72(a) objections.  ECF No. 156.

This case remains referred to Magistrate Judge Parker for general pre-trial management.  The Clerk of Court is directed to terminate ECF Nos. 154, 156, and 158.

SO ORDERED.

Dated: March 31, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge