# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY 10004
TEL. (718) 799-9111
FAX (718) 799-9171

jsalwen@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ 07701

July 17, 2025

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Ahmed Hegazy et. al. v. The Halal Guys, Inc., et al.*
          Case No. 1:22-cv-01880 (LAP)(KHP)

Dear Judge Preska:

    Our firm represents Plaintiffs in the above captioned case. As required by Your Honor's Individual Practices, we are writing to request a pre-motion conference prior to filing a motion for certification of two classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    The first class is the Spread of Hours Class and is defined as "all individuals who worked as non-exempt employees at Defendants' restaurant located at 720 Amsterdam Avenue, New York, NY and/or at their food carts in New York City between April 20, 2014 and April 1, 2021 and worked shifts where the spread of hours between the beginning and end of the individual's workday exceeded ten hours and for which Defendants did not pay them spread of hours pay of an extra hour of pay at the basic minimum wage rate."[1]

---

[1] As detailed in Plaintiffs' Third Amended Complaint (ECF No. 164, ¶¶ 449-59), the Parties agreed to toll the statute of limitations for a period of 385 days prior to the filing of Plaintiffs' original Complaint in this matter on March 4, 2022. In

The second class is the Food Carts Class and is defined as "all individuals who worked as non-exempt employees at Defendants' food carts in New York City between April 20, 2014 and February 12, 2018, and worked more than forty hours in a workweek for which Defendants did not pay them overtime pay for each hour worked over forty in a workweek at the rate of one and one half times their regular hourly rate of pay and/or from whom Defendants improperly retained gratuities that customers intended to be paid to Defendants' employees and to whom Defendants did not provide proper wage rate and wage statement notices as required by the section 195 of the New York Labor Law."

Certification of each of these classes is appropriate because each of the members of the proposed classes suffered the same injuries caused by Defendants' violations of the New York Labor Law ("NYLL") and is owed damages because of Defendants' standard operating procedures in violation of the NYLL. Ahmed Abouelenein, the CEO of each of the Defendant Corporations, admitted at his deposition that the Defendants did not pay spread of hours pay until "some time" in 2021. (Ahmed Abouelenein, Tr. 111:4-14, 9/21/22.) Ahmed Abouelenein also admitted that when a customer paid more than the cost of a meal at Defendants' food carts and said "keep the change," the employees were supposed to commingle that extra money with the money collected to pay for the meal and "put[] all the money in the same place where the money is going." (*Id.* at 117:6-16.) Although members of the Food Carts Class regularly worked six or even seven days per week and many more than forty hours in a workweek, Defendants paid them a day rate without overtime during the early years of the Food Carts Class period. Defendants dispute that they paid members of the Food Carts Class on a Day Rate

---

addition, the limitations period was tolled for 299 days during the pendency of a previous class action *Elshamy et al. v. The Halal Guys, Inc.*, No. 18-cv-03468 (AT)(GWG). Thus the limitations period was tolled for a period of 684 days and begins six years plus 684 days prior to the filing of Plaintiffs' original Complaint on April 20, 2014.

Although the limitations period was also tolled for a period of 228 days by a series of Executive Orders by Governor Cuomo during the Covid 19 pandemic, in order to the make the start of the limitations period uniform for all putative class members, the class definition does not include the Covid 19 tolling.

basis, but during discovery they produced 195(1) notices that explicitly state that pay is on a day rate basis and that do not include an overtime wage rate. Towards the end of the Food Carts Class period Defendants began to pay some overtime premiums to some members of the Class, but did not pay overtime for all hours worked over forty in a workweek. Lastly, Defendants provided Plaintiffs and the members of the Food Carts Class with no wage statements or with statements that did not give any explanation of the way in which the pay was calculated. Plaintiffs and the Food Carts Class members suffered damages as a result of the non-compliant wage notices and statements because they had no way of checking whether their pay was accurate and therefore no way of advocating for themselves and obtaining the correct legal pay that Defendants owed them.

Certification of these classes is also appropriate because of the large number of potential class members. Defendants provided Plaintiffs with a list of almost 300 individuals after a Fair Labor Standards Act Collective was conditionally certified and the longer limitations period of these classes should result in many additional potential members. Finally the members of these proposed classes are easily ascertainable and Defendants' records will enable notice to be provided to the members of the classes.

The current scheduling order (ECF No. 176) requires Plaintiffs to file their motion for class certification by today, July 17, 2025. Because the parties have been working hard to negotiate individual settlements, Plaintiffs have not moved for class certification at an earlier date. However, it is not clear that an individual settlement for each plaintiff will be possible and therefore Plaintiffs ask for a pre-motion conference and permission to file these motions for class certification.

We thank the Court for its attention to this matter.

Sincerely,

/s/ Julie Salwen
Julie Salwen, Esq.

cc:  All counsel of record via ECF