# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

July 23, 2025

**VIA ECF**

Honorable Kathleen H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Ahmed Hegazy et. al., v. The Halal Guys, Inc.,* et al - 22-cv-1880(JHR)(KHP)

Dear Judge Parker:

The parties in this case are pleased to advise the Court that the following thirteen (13) Plaintiffs Khaled Hassan, Abdallah Elbasuony, Hakeem Haruna, Hamdy Desouky, Joanna Romero, Kavon Brereton, Mahmoud Gouda, Patricia Marquez, Saeed Elnagar, Samantha Cornelius, Tarek Ahmed, Yarieliz Rivera, and Yasser Fares (the "Settling Plaintiffs") recently entered into settlement agreements (the "Agreements") with Defendants The Halal Guys, Inc., All 53 SW Inc., Night 53 SE Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Day 53 SE Inc., Elsalam Enterprise Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein a/k/a Mohammed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein (collectively "Defendants") that will fully resolve the Settling Plaintiffs' claims in this litigation.[1] The Settling Plaintiffs and Defendants respectfully request that the Court approve their respective Agreements (attached hereto as Exhibits 1 through 13)[2], and ruling that the settlement of the Settling Plaintiffs' wage and hour claims is final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss the Settling Plaintiffs' claims from this litigation.

The terms of the Settling Plaintiffs' Agreements provide that in exchange for the Settling Plaintiffs dismissing their claims from this litigation and executing in favor of Defendants wage and hour releases, Defendants shall pay the Settling Plaintiffs the following settlement amounts,

---

[1] After the dismissal of certain claims that were subject to arbitration, there remained twenty-seven Plaintiffs in this case. Apart from the Settling Plaintiff, fourteen Plaintiffs remain in this case.

[2] The agreements are awaiting signature from the Defendants which will be forthcoming shortly. The Parties will make a supplemental filing with the agreements signed by Defendants.

broken down into the following categories, attorney's fees, w2 payments, and 1099 payments (for liquidated damages, statutory penalties, and interest):

| Name | Accepted Offer | Attorneys Fees | Client W-2 | Client 1099 |
|---|---|---|---|---|
| Abdallah Elbasuony | $ 12,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 |
| Hakeem Haruna | $ 5,000.00 | $ 1,666.66 | $ 1,666.67 | $ 1,666.67 |
| Hamdy Desouky | $ 15,000.00 | $ 4,522.42 | $ 5,238.79 | $ 5,238.79 |
| Joanna Romero | $ 6,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Kavon Brereton | $ 5,000.00 | $ 1,666.66 | $ 1,666.67 | $ 1,666.67 |
| Khaled Hassan | $ 14,000.00 | $ 3,048.24 | $ 5,475.88 | $ 5,475.88 |
| Mahmoud Gouda | $ 7,500.00 | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 |
| Patricia Marquez | $ 5,000.00 | $ 1,666.66 | $ 1,666.67 | $ 1,666.67 |
| Saeed Elnagar | $ 18,000.00 | $ 6,000.00 | $ 6,000.00 | $ 6,000.00 |
| Samantha Cornelius | $ 6,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Tarek Ahmed | $ 6,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Yarieliz Rivera | $ 5,000.00 | $ 1,666.66 | $ 1,666.67 | $ 1,666.67 |
| Yasser Fares | $ 12,500.00 | $ 2,572.00 | $ 4,964.00 | $ 4,964.00 |
| **TOTALS** | **$ 117,000.00** | **$ 35,309.30** | **$ 40,845.35** | **$ 40,845.35** |

The parties settled this case after a May 19, 2025, mediation session with Stephen Sonnenberg, Esq., of JAMS, a respected mediator. At the May 19th mediation the parties attempted to settle all twenty-seven Plaintiffs' claims – but failing that they turned to settling individual Plaintiffs' claims, as set forth in the various status updates that the parties sent in to the Court. At all times the parties negotiated hard, and all negotiations occurred at arms' length.

The Agreements reflect a compromise between the Settling Plaintiffs and Defendants. While the Settling Plaintiffs could have possibly received more money had they proceeded to and won at trial, they agreed to their respective settlement amounts, and believe them to be a fair and reasonable compromises, because, in addition to receiving their money much sooner, and not having to wait months or years, their respective settlement amounts reflect approximately 16% of their estimated total damages (approximately $729,386.12) that they could have recovered had they won all their claims at trial. These damages include unpaid overtime wages and withheld tips in violation of the FLSA, as well as notice and spread of hours violations of the New York Labor Law. In addition, these estimated damages include statutory liquidated damages. . Courts in this Circuit have regularly approved settlements in this range or below. *See e.g. Gomez v. 38th Street Cafe LLC,* 2025 WL 871645, at *2 (S.D.N.Y. 2025)("settlements of 12 to 13 percent of the total possible recovery are the low-end of what is considered reasonable in the context of a *Cheeks* review"); *Naraine v. Washdry Tech Inc.*, 749 F.Supp.3d 398, 407 (E.D.N.Y. 2024)(finding that "16% of Plaintiff's total possible recovery… is within the acceptable range for this circuit"); *Li v. HLY Chinese Cuisine Inc.*, 596 F.Supp.3d 439, 448 (E.D.N.Y. 2022) (finding 13.8% recovery of total alleged damages reasonable).

In addition to the inherent risks of litigation, there were many other risks involved in continuing to trial, including numerous defenses that Defendants strenuously argued. Defendants vigorously dispute the Settling Plaintiffs' claims and evidence that they worked more

than 40 hours in a workweek without receiving overtime. If the Settling Plaintiffs had decided to go to trial, the fact finder would have had to make numerous credibility determinations and the Settling Plaintiffs would have faced the risk that, even if the jury agreed that there were violations, it also determined that Plaintiffs' damages were minimal.  At mediation, Defendants also informed Plaintiffs through the mediator that they did not have the money to pay a large settlement.  The settling Plaintiffs also considered the long delays inherent in litigation that could delay any recovery for several years or more.  In addition to the other risks in this case Plaintiffs did not have records of exactly when they worked or the exact dates and times of their claimed unpaid overtime work.  Nor do they have records of the amount of tips that they claimed were withheld by Defendants.  As a result, Plaintiffs' version of events might not be believed at trial and any judgment might be only a fraction of the amount of overtime/unpaid wages and tips that the Settling Plaintiffs' estimate their damages to be.  Finally, the Settling Plaintiffs wished to forego the uncertainties of litigation and the hassle <u>and</u> expense of proceeding through additional discovery, depositions, and trial.  They also did not want to have to take time off from work for depositions, conferences, and trial.

Defendants assert that Settling Plaintiffs rarely, if ever, worked in excess of ten (10) hours per day, and that any gratuities given by customers were evenly split among the appropriate employees. Defendants also assert that they issued all wage notices and statements required under the New York Labor Law.  However, Defendants understand the risks inherent to litigation and believe that the settlement represents a fair resolution to Settling Plaintiffs' claims.

The Settling Plaintiffs – and Defendants – thus believe that the settlement amounts set forth above represent a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## **ATTORNEYS' FEES & COSTS**

From the sum of the total settlement amounts, or $117,000, $81,690.70 will be paid out to the Settling Plaintiffs, as set forth above, divided based upon their individual damages and agreements, and $35,309.30 is allocated for attorneys' fees.[3]  To get all of the Settling Plaintiffs' on board with the settlements, our firm lowered our attorney's fees from the one-third contingency fee that is regularly approved in this circuit in FLSA and NYLL cases – to just over just over 30%.  *See Santos v. E T & K Foods, Inc.,* No. 16-CIV-7107(DLI)(VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit") (citing case); *Sumba Lema v. LIC Evergreen Cleaners Inc.,* No. 19-CV-836 (WFK) (LB), 2019 WL 6312378, at *4 (E.D.N.Y. Nov. 8, 2019)*, report and recommendation adopted*, No. 19-CV-836 (WFK) (LB), 2019 WL 6307412 (E.D.N.Y. Nov. 25, 2019) ("Courts in this district generally find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable*") (citing cases);*

---

[3] While our firm has expended more than $15,000 in this case, inasmuch as the Settlement Plaintiffs' claims are much smaller than the non settling <u>fourteen</u> Plaintiffs who remain in this case (who were there for much longer periods of time – and whose damages are therefore larger), we are not seeking reimbursement for costs at this time from the Settling Plaintiffs.

*Fernandez v. Masterypro Grp.,* No. 18-CIV-4540 (HBP), 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (finding the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit); *Aly v. Dr. Pepper Snapple Grp., Inc.*, No. 18-CV-4230 (FB)(LB), 2019 WL 3388947, at *5 (E.D.N.Y. June 13, 2019), *report and recommendation adopted,* No. 18-CV-4230 (FB) (LB), 2019 WL 3388925 (E.D.N.Y. July 26, 2019) (approving attorney's fees in the amount of one-third of the proposed settlement); *Shamsundar v. FCS Grp. LLC,* No. 18-CV-2514(KAM)(LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019*)* (Finding that plaintiff's counsel's fee award of [one-third] in this action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit.) (citing cases).

## PLAINTIFFS' COUNSEL'S QUALIFICATIONS

David Harrison received his law degree from Benjamin N. Cardozo School of Law in 2004 and has been the Managing Partner at Harrison, Harrison & Associates ("HHA"), a law firm dealing almost exclusively with employee rights, ever since it was founded almost fifteen years ago.  During this period, Mr. Harrison has served, and currently serves, as plaintiffs'-side counsel in numerous Fair Labor Standards Act ("FLSA") and NYLL wage and hour individual, multi-plaintiff, collective and putative class actions in various New York State Courts and administrative agencies, and in Federal Courts including the Southern and Eastern Districts of New York, the District of New Jersey, the Northern District of Illinois (admitted *pro hac vice*), the District of Connecticut (admitted *pro hac vice*), and the Central District of California (admitted *pro hac vice*).  Mr. Harrison is licensed to practice law before all of the courts of the States of New York, New Jersey, and Florida, as well as the Southern and Eastern Districts of New York, the District of New Jersey, the Second Circuit Court of Appeals, the Third Circuit Court of Appeals, and the United States Supreme Court.

Julie Salwen is a 2008 graduate of Fordham University School of Law School and is licensed to practice law before all of the courts of the States of New York and New Jersey, as well as the Southern and Eastern Districts of New York, the District of New Jersey, and the Second Circuit Court of Appeals.  Ms. Salwen has worked for HHA since October of 2013.  Throughout her time at HHA, Ms. Salwen has devoted 100% of her time to working on plaintiff-side employment litigation matters, including numerous wage and hour individual, multi-plaintiff, collective and class actions and has also been appointed as co-lead counsel on several cases that have been certified as collective and/or class actions.  Ms. Salwen has served on the Amicus Committee of NELA-NY and has authored several appellate briefs in support of NELA-NY and employee rights' issues.

Over the last several years, Mr. Harrison and Ms. Salwen have been appointed class/collective counsel or counsel for representative plaintiffs in numerous FLSA wage and hour collective/class actions.  *See e.g. Brandon Farrell et. al.* v. Anderson Ave LLC a/k/a Sedona Taphouse 2-22-cv-01374 (JBC) (D.N.J., July 25, 2024) (appointing HHA and David Harrison Class Counsel and granting final approval of class action settlement involving 181 class members); *Ahmed Hegazy et. al. v. The Halal Guys, Inc. et. al.*, No. 22-CV-01880 (LGS) (S.D.N.Y., Sep. 2, 2022) (conditionally certifying FLSA collective and appointing David Harrison and Julie Salwen counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Andy Gil et. al. v. Pizzarotti, LLC. et. al.*, No. 19-CV-03497

(MKV) (S.D.N.Y., Mar. 31, 2022) (certifying FLSA collective and appointing David Harrison and Julie Salwen counsel for the FLSA collective in a FLSA/NYLL case involving 42 construction workers); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016) (appointing David Harrison and Julie Salwen Class Counsel in a FLSA/NYLL case involving approximately 950 certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison Class Counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.,* No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison Class Counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015) (granting final approval of class action settlement involving 412 class members).

        In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreement and discontinue this case while retaining jurisdiction over the implementation of the Agreement.  We thank the Court for its attention to this matter.

                                Respectfully submitted,

                                /S/ DAVID HARRISON
                                David Harrison

cc: All Counsel of Record (VIA ECF)