UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

AHMED HEGAZY *et. al.*,


                              Plaintiffs,              Civ. No. 1:22-cv-01880-LAP-KHP


             -against-

THE HALAL GUYS, INC. *et. al.*,


                              Defendants.
-----------------------------------------------------------------------X


# MEMORANDUM OF LAW



**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
Telephone: 718-799-9111
dharrison@nynjemploymentlaw.com
jsalwen@nynjemploymentlaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 4

PROCEDURAL HISTORY ............................................................................................... 6

ARGUMENT ..................................................................................................................... 7

I.    Standard for Rule 23 Class Certification ................................................................ 7

II.   Plaintiffs Meet All of the Rule 23 Requirements for Class Certification ............... 9

  A.    Plaintiffs Meet All of the Rule 23(a) Requirements for Class Certification ....... 9

    1.    Numerosity – Rule 23(a)(1) ............................................................... 10

    2.    Commonality – Rule 23(a)(2) ............................................................ 10

    3.    Typicality – Rule 23(a)(3) .................................................................. 13

    4.    Adequacy – Rule 23(a)(4) .................................................................. 14

    5.    Implied Requirement of Ascertainability ........................................... 15

  B.    Plaintiffs Meet All of the Requirements for Certification Under Rule 23(b)(3) ............. 15

    1.    Predominance ...................................................................................... 16

    2.    Superiority .......................................................................................... 18

III.  Plaintiffs' Counsel Should be Appointed as Class Counsel ................................... 19

IV    Notice to the Class ................................................................................................ 19

V     The Court Should Certify a FLSA Collective ....................................................... 20

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

## CASES                                                          Page(s)

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
   568 U.S. 455, (2013)................................................................... 8, 9

*Annunziato v. Collecto, Inc.*,
   293 F.R.D. 329 (E.D.N.Y. 2013)............................................... 8

*Atakhanova v. Home Family Care, Inc.*,
   16-CV-6707 (KAM)(RML), 2020 WL 4207437 (E.D.N.Y. July 22, 2020) ............. 7, 11, 17

*Azor-El v. City of New York*,
   20 Civ. 3650 (KPF), 20 Civ. 3978 (KPF), 20 Civ. 3980 (KPF), 20 Civ. 3981 (KPF),
   20 Civ. 3982 (KPF), 20 Civ. 3983 (KPF), 20 Civ. 3985 (KPF), 20 Civ. 3990 (KPF),
   2024 WL 4326921, (S.D.N.Y. Sept. 27, 2024)........................................... 9

*B & R Supermarket, Inc. v. Mastercard International Inc.*,
   17-CV-02738 (MKB) (JO), 2021 WL 234550 (E.D.N.Y. Jan. 19, 2021) ................. 8, 15

*Beckman v. KeyBank, N.A.*,
   293 F.R.D. 467 (S.D.N.Y. 2013) ............................................... 13

*Cazares v. AVA Restaurant Corp.*,
   15-CV-0477 (KAM)(RML), 2017 WL 1229727 (E.D.N.Y. Mar. 31, 2017) ............. 16

*Chakma v. Sushi Katsuei, Inc.*,
   23 Civ. 7804 (KPF), 2025 WL 429730 (S.D.N.Y. Feb 7, 2025)............................... 11

*Comcast Corp. v. Behrend*,
   133 S.Ct. 1426 (2013)................................................................... 17

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473, 483 (2d Cir.1995).................................................... 10

*Damassia v. Duane Reade, Inc.*,
   250 F.R.D. 152 (S.D.N.Y. 2008) ............................................... 8

*de la Cruz v. Manhattan Parking Group LLC*,
   20-CV-977 (BCM), 2022 WL 3161770 (S.D.N.Y. Aug. 8, 2022) ............................ 4

*Diaz v. New York Paving Inc.*,
    18-CV-04910 (ALC), 2024 WL 1116117 (S.D.N.Y. Mar. 12, 2024) ........................ 9

*Espinoza v. 953 Assocs. LLC*,
    280 F.R.D. 113 (S.D.N.Y. 2011) ................................................................................. 8

*Fonseca v. Dircksen & Talleyrand Inc.*,
    No. 13 Civ. 5124 (AT), 2015 WL 5813382 (S.D.N.Y. Sept. 28, 2015) .................... 16-17

*Gomez v. Lace Entertainment, Inc.*,
    No. 15 Civ. 3326 (CM), 2017 WL 129130 (S.D.N.Y. Jan. 6, 2017) ......................... 11

*Gonzalez v. Nicholas Zito Racing Stable Inc.*,
    No. 04 Civ. 22 (SLT)(AKT), 2008 WL 941643, at *5 (Mar. 31, 2008) .................... 12

*Gortat v. Capala Bros., Inc.*,
    257 F.R.D. 353 (E.D.N.Y. 2009) ................................................................................. 8

*Guan Ming Lin v. Benihana N.Y. Corp.*,
    No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734 (S.D.N.Y. Oct. 23, 2012) ................ 11, 16

*Hobbs v. Knight-Swift Transportation Holdings, Inc.*,
    Case No. 1:21-cv-01421 (JLR), 2025 WL 1577271 (S.D.N.Y. June 4, 2025) ........... 8-9

*In re Initial Pub. Offerings Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) ........................................................................................... 9

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation.*
    330 F.R.D. 11, (E.D.N.Y. 2019) ................................................................................. 17

*In re Petrobras Securities*,
    862 F.3d 250 (2d Cir. 2017) ......................................................................................... 15

*In re U.S. Foodservice Inc. Pricing Litig.*,
    729 F.3d 108 (2d Cir.2013) ......................................................................................... 16

*LoCurto v. AT&T Mobility Services LLC*,
    13 Civ. 4303 (AT)(KNF), 2018 WL 4519201 (S.D.N.Y. Sept. 20, 2018) ................ 8

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997) ......................................................................................... 11, 13

*Martinenko v. 212 Steakhouse, Inc.*,
    22-CV-518 (JLR) (RWL), 2023 WL 2919766 (S.D.N.Y. Apr. 12, 2023) ................. 12

*Megason v. Starjem Rest. Corp.*,
    No. 12 Civ. 1299 (NRB), 2014 WL 113711 (S.D.N.Y. Jan. 13, 2014) ...................... 9

*Mendez v. MCSS Rest. Corp.*,
    16-CV-2746 (NGG)(RLM), 2019 WL 2504613 (E.D.N.Y. June 17, 2019) ............. 8

*Moreira v. Sherwood Landscaping Inc.*,
    No. 13 Civ. 2640 (AKT), 2015 WL 1527731 (E.D.N.Y. Mar. 31, 2015) ................. 7-8, 11

*Murphy v. LaJaunie*,
    No. 13 Civ. 6503 (RJS), 2015 WL 4528140 (S.D.N.Y. July 24, 2015) .................... 13, 16

*Myers v. Hertz Corp.*,
    624 F.3d 537, 547 (2d Cir. 2010) ................................................................................. 9, 18

*Orellana v. One If By Land Restaurant LLC*,
    18-CV-7865 (VSB), 2020 WL 5768433 (S.D.N.Y. Sept. 27, 2020) ........................ 19

*Roach v. T.L. Cannon Corp.*,
    778 F.3d 401 (2d Cir. 2015) ........................................................................................ 9, 16, 17

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ........................................................................................ 13

*Rosario v. EMZ Solutions LLC*,
    18 CV 3297 (FB)(CLP), 2019 WL 13159569 (E.D.N.Y. Nov. 14, 2019) ................. 8

*Schear v. Food Scope Am., Inc.*,
    297 F.R.D. 114 (S.D.N.Y.2014) .................................................................................. 14, 19

*Sewell v. Bovis Lend Lease, Inc.*,
    No. 09 Civ. 6548 (RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) .................... 16, 18

*Solis v OrthoNet LLC*,
    19-CV-4678 (VSB), 2021 WL 1904984 (S.D.N.Y. May 11, 2021) .......................... 10

*Spencer v. No Parking Today, Inc.*,
    No. 12 Civ. 6323 (ALC)(AJP), 2013 WL 1040052 (S.D.N.Y. Mar. 15, 2013) ......... 11-12

*Spicer v. Pier Sixty LLC*,
    269 F.R.D. 321 (S.D.N.Y. 2010) ................................................................................ 13, 14

*Sykes v. Mel Harris and Associates, LLC*,
    285 F.R.D. 279 (S.D.N.Y. 2012) ................................................................................ 10-11

*Trinidad v. Pret a Manger (USA) Ltd.*,
No. 12 Civ. 6094 (PAE), 2014 WL 4670870 (S.D.N.Y. Sept. 19, 2014)...................4

*Valdez v. MichPat & Fam, LLC,*
20-CV-2570 (AMD)(SIL), 2022 WL 950450 (E.D.N.Y. Mar. 30, 2022).................8

*Vivaldo v. United Talmudical Academy of Kiryas Joel*,
No. 14cv2636 (LAK)(FM), 2015 WL 4922961 (S.D.N.Y. June 18, 2015) ..............10, 14, 15

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)..................................................................................10, 13

*Zhang v. Ichiban Group, LLC*,
17-CV-148 (MAD)(TWD), 2021 WL 3030052 (N.D.N.Y. May 21, 2021)..............10

## STATUTES & REGULATIONS

Fed. R. Civ. P. 23 ...........................................................................    *passim*

N.Y. Lab. L. § 195(1)  ....................................................................    *passim*

N.Y. Lab. L. § 195(3) ....................................................................    *passim*

Plaintiffs Ahmed Hegazy, Shrief Sror, Ramiz Shehatta, Waled Soltan, Ahmed Abouelkhair, Ahmed Abdelmoneim, Hossam Ahmed, Islam Soliman, Naser Dakhly, Mohamed Ahmdein, Ahmed Awd, Hany Mohamed, Karim Fayed, andMohamed Hamza, (collectively "Plaintiffs")[1], submit this memorandum of law in support of their motion (1) to certify their claims pursuant to the New York Labor ("NYLL") and its implementing regulations as a class action with two separate subclasses pursuant to Fed. R. Civ. P. Rule 23, (2) to appoint David Harrison and Julie Salwen of Harrison, Harrison & Associates, Ltd. as Class Counsel, (3) to appoint Plaintiffs Ahmed Hegazy and Shrief Sror as Class Representatives, and (4) to approve Plaintiffs' two proposed class notices.[2]

## PRELIMINARY STATEMENT

During the relevant period of time, Defendants The Halal Guys, Inc., All 53 Sw Inc., Night 53 Se Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Day 53 Se Inc., Elsalam Enterprise Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein A/K/A Mohammed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein (collectively "Defendants"), working together as a single integrated enterprise, operated food carts and fast food restaurants serving Halal food in New York City. Defendants also franchise restaurants throughout the United States and in other countries. Proposed Class Representatives Ahmed Hegazy and Shrief Sror ("Proposed Representatives") and the putative class members that they seek to represent all worked as non-exempt hourly workers at Defendants' food carts in New York City and/or at their restaurant located at 720 Amsterdam Avenue, New York, NY.

---

[1] These fourteen plaintiffs are the named plaintiffs who remain in the case and have neither settled their claims nor been ordered to bring their claims in arbitration.

[2] In support of their motion, Plaintiffs have submitted the Declarations of Ahmed Hegazy ("Hegazy Decl."), Shrief Sror ("Sror Decl."), and the Declaration of David Harrison with attached Exhibits ("Harrison Decl.").

Mr. Hegazy and Mr. Sror seek to represent two separate classes based on the time periods during which Defendants engaged in specific violations of the NYLL.  The first class is the Spread of Hours Class and is defined as "all individuals who worked as non-exempt employees at Defendants' restaurant located at 720 Amsterdam Avenue, New York, NY and/or at their food carts in New York City between April 20, 2014[3] and April 1, 2021 (the "Class Period") and worked shifts where the spread of hours between the beginning and end of the individual's workday exceeded ten hours and for which Defendants did not pay them spread of hours pay of an extra hour of pay at the basic minimum wage rate, excluding any immediate family member of the individual defendants (Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein A/K/A Mohammed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein) and any individuals who released their NYLL claims against Defendants in previous wage and hour settlements."

The second class is the Food Carts Class and is defined as "all individuals who worked as non-exempt employees at Defendants' food carts in New York City between April 20, 2014[3] and February 12, 2018 (the "Class Period") and worked more than forty hours in a workweek for which Defendants did not pay them overtime pay for each hour worked over forty in a workweek at the rate of one and one half times their regular hourly rate of pay and/or from whom

---

[3] As detailed in Plaintiffs' Third Amended Complaint (ECF No. 164, ¶¶ 449-59), the Parties agreed to toll the statute of limitations for a period of 385 days prior to the filing of Plaintiffs' original Complaint in this matter on March 4, 2022.  In addition, the limitations period was tolled for 299 days during the pendency of a previous class action *Elshamy et al. v. The Halal Guys, Inc.*, No. 18-cv-03468 (AT)(GWG).  Thus the limitations period was tolled for a period of 684 days and begins six years plus 684 days prior to the filing of Plaintiffs' original Complaint on April 20, 2014.

Although the limitations period was also tolled for a period of 228 days by a series of Executive Orders by Governor Cuomo during the Covid 19 pandemic, in order to the make the start of the limitations period uniform for all putative class members, the class definition does not include the Covid 19 tolling.

Defendants improperly retained gratuities that customers intended to be paid to Defendants' employees and/or to whom Defendants did not provide proper section 195(1) wage rate notices and section 195(3) wage statements as required by the section 195 of the NYLL, excluding any immediate family member of the individual defendants (Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein A/K/A Mohammed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein) and any individuals who released their NYLL claims against Defendants in previous wage and hour settlements."

Certification of each of these classes is appropriate because each of the members of the proposed classes suffered the same injuries caused by Defendants' violations and is owed damages because of Defendants' standard operating procedures in violation of the NYLL. Ahmed Abouelenein, the CEO of each of the Defendant Corporations, admitted at his deposition that the Defendants did not pay spread of hours pay until "some time" in 2021. (Ahmed Abouelenein, Tr. 111:4-14, 9/21/22.) Ahmed Abouelenein also admitted that when a customer paid more than the cost of a meal at Defendants' food carts and said "keep the change," the employees were supposed to commingle that extra money with the money collected to pay for the meal and "put[] all the money in the same place where the money is going." (Id. at 117:6-16.)

Although members of the Food Carts Class regularly worked six or even seven days per week and many more than forty hours in a workweek, Defendants paid them a day rate without overtime during the early years of the Food Carts Class period. Defendants dispute that they paid members of the Food Carts Class on a day rate basis, but during discovery they produced 195(1) notices that explicitly state that pay is on a day rate basis and that do not include an overtime wage rate. Towards the end of the Food Carts Class period Defendants began to pay

some overtime premiums to some members of the Class, but did not pay overtime for all hours worked over forty in a workweek.  Lastly, Defendants provided Plaintiffs with and the members of the Food Carts Class with no or inaccurate wage statements and wage rate notices.  Plaintiffs and the Food Carts Class members suffered damages as a result of the non-compliant wage notices and statements because they had no way of checking whether their pay was accurate and therefore no way of advocating for themselves and obtaining the correct legal pay that Defendants owed them.

Plaintiffs' claims in this case are particularly well suited for certification as a class action because Plaintiffs and the potential class members were all victims of Defendants' common pay practices that illegally deprived them of the compensation and gratuities that they had earned.

The NYLL is a remedial statute and public policy favors private lawsuits to enforce its terms.  *See de la Cruz v. Manhattan Parking Group LLC,* 20-CV-977 (BCM), 2022 WL 3161770, at *5 (S.D.N.Y. Aug. 8, 2022) ("The FLSA and NYLL are remedial statutes designed to protect employees from unfair labor practices.  Plaintiffs' counsel's role as private attorneys general is key to the effective enforcement of these statutes.") (quoting *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014).  Because the amounts owed to each class member are small compared to the costs of litigation, much of the damages that the class members suffered are likely to go unremedied unless their claims can be brought as a class action.  Certification of the proposed classes will enable each potential class member to be compensated for Defendants' violations of the NYLL.

## STATEMENT OF FACTS

As detailed more completely in Plaintiffs' Third Amended Complaint (ECF No. 164), during the relevant period of time, Defendants The Halal Guys, Inc., All 53 Sw Inc., Night 53 Se

Inc., The Halal Guys Franchise Inc., Altawhid Food Supply Inc., Day 53 Se Inc., Elsalam Enterprise Inc., Ahmed Elsaka, Abdelbaset Elsayed, Mohamed Abouelenein A/K/A Mohammed Abouelenein, Ahmed Abouelenein, and Abdallah Abouelenein (collectively "Defendants"), working together as a single integrated enterprise, operated food carts and fast food restaurants serving Halal food in New York City. Currently, Defendant Ahmed Abouelenein serves as the CEO of all of the corporate Defendants. (Ahmed Abouelenein, Tr. 28:18-29:18.)

Defendants employed Proposed Representatives Hegazy and Sror and the Food Carts Class Members to work at their food carts located in New York City preparing, cooking, serving, and selling food. Members of the Spread of Hours Class performed the same job responsibilities as the members of the Food Carts Class and worked at the Defendants' food carts in New York City and/or at their restaurant located at 720 Amsterdam Avenue in Manhattan.

Proposed Representatives and the Food Cart Class Members regularly worked six or sometimes seven days per week and around seventy (70) hours each workweek during the Class Period. However, in violation of the NYLL, during the Food Carts Class Period, Defendants paid the Proposed Representatives and the Food Cart Class Members on a day rate basis, paying them a flat sum per day no matter how many hours they worked and, in violation of the NYLL, did not pay them overtime premiums for the hours that they worked over forty in a workweek. (Harrison Decl. ¶ 29 & Ex. E.) Moreover, it is undisputed that Defendants commingled the money that customers paid in excess of the cost of their food with the money that customers paid for their food—rather than treating tips as the property of the Proposed Representatives and Food Cart Class Members as required by section 196-d of the NYLL. (Ahmed Abouelenein, Tr. 117:6-118:2.) Furthermore, Defendants did not provide accurate written notices of Proposed

Representatives' and the Food Cart Class Members' wage rate as required by section 195(1) of the NYLL and accurate wage statements as required by section 195(3) of the NYLL.

Similarly, it is undisputed that, during the Spread of Hours Class Period, Defendants did not pay spread of hours pay to the Proposed Representatives and the Spread of Hours Class as required by the NYLL and its implementing regulations. (12 NYCRR § 146-1.6.) Both Proposed Representatives Hegazy and Sror testify that they regularly worked shifts of more than ten hours. In addition, Defendants' own time and pay records that they produced during this litigation show that Spread of Hours Class Members who worked at their restaurant located at 720 Amsterdam Avenue often worked shifts of more than ten hours and did not receive spread of hours pay, in violation of the NYLL. (Harrison Decl. ¶¶ 27, 28 & Ex. C & D.)

Defendants dispute Plaintiffs' allegations that they were not paid overtime. However, it is undisputed that Proposed Representatives and the Food Cart Class Members were all subject according to the same policies and procedures during the Class Period. Moreover, Defendants uniformly commingled the money that customers paid in excess of the cost of their food as tips throughout the Food Cart Class Period. Because the Proposed Representatives and the putative Food Cart Class Members were all subjected to the same illegal practices the Food Cart Class should be certified. Likewise, Proposed Representatives and the putative Spread of Hours Class Members were also all subjected to the same illegal practices and the Spread of Hours Class should be certified.

## PROCEDURAL HISTORY

Plaintiffs filed their Original Complaint in this action on March 4, 2022. (ECF No. 1; See also Harrison Decl. ¶ 5.) Prior to the filing of the Complaint, the Parties had spent over a year attempting to resolve their dispute prior to litigation. (Harrison Decl. ¶ 6.) After Plaintiffs

filed their Complaint, on April 14, 2022, Defendants filed a letter to the Court stating that they intended to move for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 13.)  In response, Plaintiffs filed an Amended Complaint on April 28, 2022, which Defendants answered on June 2, 2022.  (ECF Nos. 20, 34.)  Subsequently Plaintiffs filed a Second Amended Complaint on August 16, 2022, which Defendants answered on September 6, 2022.  (ECF Nos. 55, 63.)

On May 26, 2022, Plaintiffs moved for conditional certification of a Fair Labor Standards Act Collective.  Following briefing, the Court granted their motion on September 2, 2022 and notice was sent to 292 potential collective members identified by Defendants.  On September 12, 2024, Plaintiffs filed a Third Amended Complaint, after being granted permission by the Court, which named all the plaintiffs who had opted into the action.  (ECF Nos. 160, 164.)  Plaintiffs' Third Amended Complaint named thirty-five individuals.  (ECF No. 164.)

Defendants moved the Court to order the claims of eight of these individuals to be sent to arbitration and on March 31, 2025, the claims of those eight plaintiffs were ordered to arbitration.  At this time an additional thirteen Plaintiffs have settled their claims with Defendants and are waiting for Court approval of the settlement.

**ARGUMENT**

## I.      Standard for Rule 23 Class Certification

Rule 23 provides for certification of a class where, as here, plaintiffs satisfy the four requirements of Rule 23(a) and one of the three subsections of Rule 23(b).  *Atakhanova v. Home Family Care, Inc.*, 16-CV-6707 (KAM)(RML), 2020 WL 4207437, at *2 (E.D.N.Y. July 22, 2020); *see also Moreira v. Sherwood Landscaping Inc.*, No. 13 Civ. 2640 (AKT), 2015 WL

1527731, at *4 (E.D.N.Y. Mar. 31, 2015). Here Plaintiffs are seeking certification of both the Spread of Hours Class and the Food Carts Class under Rule 23(b)(3).

The Second Circuit has a preference for class certification. *Valdez v. MichPat & Fam, LLC*, 20-CV-2570 (AMD)(SIL), 2022 WL 950450, at *9 (E.D.N.Y. Mar. 30, 2022) ("'The Second Circuit has emphasized that Rule 23 should be given liberal rather than restrictive construction, and it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification.'") (quoting *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 124 (S.D.N.Y. 2011) (quoting *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 361 (E.D.N.Y. 2009); *see also B & R Supermarket, Inc. v. Mastercard International Inc.*, 17-CV-02738 (MKB) (JO), 2021 WL 234550, at *9 (E.D.N.Y. Jan. 19, 2021) (same)). "While courts are required to conduct a 'rigorous' analysis, [*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465-66, (2013)] the court may exercise 'broad discretion' and 'take a liberal rather than a restrictive approach' when reviewing whether to certify a class." *Rosario v. EMZ Solutions LLC*, 18 CV 3297 (FB)(CLP), 2019 WL 13159569, at *3 (E.D.N.Y. Nov. 14, 2019) (quoting *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 334 (E.D.N.Y. 2013) (R&R *adopted by* 2020 WL 7777955 (S.D.N.Y. Dec. 31, 2020)).

"'[C]ourts in the Second Circuit routinely certify class action[s] in FLSA matters so that New York State and federal wage and hour claims are considered together.'" *Mendez v. MCSS Rest. Corp.*, 16-CV-2746 (NGG)(RLM), 2019 WL 2504613, at *7 (E.D.N.Y. June 17, 2019) (alteration in original) (quoting *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008)); *see also LoCurto v. AT&T Mobility Services LLC*, 13 Civ. 4303 (AT)(KNF), 2018 WL 4519201, at *11 (S.D.N.Y. Sept. 20, 2018) (same). "'The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's

requirements has been met.'" *Hobbs v. Knight-Swift Transportation Holdings, Inc.*, Case No. 1:21-cv-01421 (JLR), 2025 WL 1577271, at *6 (S.D.N.Y. June 4, 2025) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010)). Before certifying a class, the court must engage in a rigorous analysis to ensure that the requirements of Rule 23 are met. *Id.* at *5 (citing *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)). While the Court must resolve factual disputes relevant to satisfying each Rule 23 requirement, it "'should not assess any aspect of the merits unrelated to a Rule 23 requirement.'" *Azor-El v. City of New York*, 20 Civ. 3650 (KPF), 20 Civ. 3978 (KPF), 20 Civ. 3980 (KPF), 20 Civ. 3981 (KPF), 20 Civ. 3982 (KPF), 20 Civ. 3983 (KPF), 20 Civ. 3985 (KPF), 20 Civ. 3990 (KPF), 2024 WL 4326921, at *10 (S.D.N.Y. Sept. 27, 2024) (quoting *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)). At the Rule 23 class certification stage the court's role is not "'to engage in free-ranging merits inquiries.'" *Diaz v. New York Paving Inc.*, 18-CV-04910 (ALC), 2024 WL 1116117, at *3 (S.D.N.Y. Mar. 12, 2024) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466, (2013)). Instead, "the 'key inquiry at this stage is ... whether the constituent issues that bear on defendant's ultimate liability are provable in common.'" *Id.* (quoting *Megason v. Starjem Rest. Corp.*, No. 12 Civ. 1299 (NRB), 2014 WL 113711, at *6 (S.D.N.Y. Jan. 13, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 550 (2d Cir. 2010)). As set forth below, Plaintiffs Hegazy and Sror and both the Spread of Hours Class Members' claims and the Food Carts Class Members' claims are provable in common and this case should therefore be certified pursuant to Fed. R. Civ. P. 23.

## II.    Plaintiffs Meet All of the Rule 23 Requirements for Class Certification

### A.  Plaintiffs Meet All of the Rule 23(a) Requirements for Class Certification

In order to meet their burden under Rule 23(a), Plaintiffs must show that:

> (1) The class is so numerous that joinder of all members is impracticable;
> (2) There are questions of law or fact common to the class;
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).

### 1.    Numerosity – Rule 23(a)(1)

In the Second Circuit, numerosity under Rule 23(a)(1) is presumed where a putative class has forty or more members.  *Solis v OrthoNet LLC*, 19-CV-4678 (VSB), 2021 WL 1904984, at *4 (S.D.N.Y. May 11, 2021) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (ruling that a class with 114 members satisfies the numerosity requirement).  Here, after conditional FLSA certification, on October 14, 2022, Defendants disclosed a list of 292 potential collective members.  Inasmuch as this list covered only a three-year period, the potential number of class members of both the Spread of Hours Class, which covers a seven year period, and the Food Carts Class, which covers close to a four year period should number well over forty.  Thus, the Class is more than sufficiently numerous to meet the requirements of Rule 23(a)(1).

### 2.    Commonality – Rule 23(a)(2)

Rule 23(a)(2)'s commonality requirement is met when the claims of members of the proposed class "'share a common question of law or fact,' the 'common answers' to which are 'apt to drive the resolution of the litigation.'"  *Vivaldo v. United Talmudical Academy of Kiryas Joel*, No. 14cv2636 (LAK)(FM), 2015 WL 4922961, at *3 (S.D.N.Y. June 18, 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  Even a single common question of law or fact will suffice.  *Zhang v. Ichiban Group, LLC*, 17-CV-148 (MAD)(TWD), 2021 WL 3030052, at *4 (N.D.N.Y. May 21, 2021) (quoting *Sykes v. Mel Harris and Associates, LLC*, 285

F.R.D. 279, 286 (S.D.N.Y. 2012). "The requirement of commonality is met" where, as in this case, "the class members' injuries 'derive from a unitary course of conduct by a single system.'" *Chakma v. Sushi Katsuei, Inc.*, 23 Civ. 7804 (KPF), 2025 WL 429730, at *5 (S.D.N.Y. Feb 7, 2025) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)).

In the Second Circuit, "a common policy of failing to pay overtime,"—as Plaintiffs allege occurred with respect to the Food Carts Class—"is sufficient to meet the commonality requirement." *Atakhanova v. Home Family Care, Inc.*, 16-CV-6707 (KAM)(RML), 2020 WL 4207437, at * (E.D.N.Y. July 22, 2020) ("The weight of case law in the Second Circuit, however, has held that a common policy of failing to pay overtime is sufficient to meet the commonality requirement.") (citing *Moreira v. Sherwood Landscaping Inc*, No. 13 Civ. 2640 (AKT), 2015 WL 1527731, at *12 n.7 (E.D.N.Y. Mar. 31, 2015)); *see also Gomez v. Lace Entertainment, Inc.*, No. 15 Civ. 3326 (CM), 2017 WL 129130, at *7 (S.D.N.Y. Jan. 6, 2017) ("Courts in this district have instead focused on whether the employer had company-wide wage policies that injured the proposed class."); *Guan Ming Lin v. Benihana N.Y. Corp.*, No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734, at *5 (S.D.N.Y. Oct. 23, 2012) ("[C]laims by workers that their employers have unlawfully denied them wages to which they were legally entitled have repeatedly been held to meet the commonality prerequisite for class certification.") (quotations omitted) (R&R *adopted by* 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)). Likewise, "courts routinely certify classes based on the common question of whether employees were denied tips" as Plaintiffs allege that they and the Food Carts Class members were. *Chakma*, 2025 WL 429730, at *7.

Rule 23 does not require that class members have no differences in their claims or factual circumstances. "[O]nce a common question is identified, 'differences among the questions raised

by individual members [of the class] will not defeat commonality.'" *Spencer v. No Parking Today, Inc.*, No. 12 Civ. 6323 (ALC)(AJP), 2013 WL 1040052, at *16 (S.D.N.Y. Mar. 15, 2013) (quoting *Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04 Civ. 22 (SLT)(AKT), 2008 WL 941643, at *5 (Mar. 31, 2008). "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Martinenko v. 212 Steakhouse, Inc.*, 22-CV-518 (JLR) (RWL), 2023 WL 2919776, at *7 (S.D.N.Y. Apr. 12, 2023) (R. & R. adopted 2023 WL 3160118 (S.D.N.Y. Apr. 27, 2023) (quoting *Spencer v. No Parking Today, Inc.*, No. 12-CV-6323, 2013 WL 1040052, at *15 (S.D.N.Y. March 15, 2013) (R. & R. adopted, 2013 WL 2473039 (S.D.N.Y. June 7, 2013)).

Here, the claims of Plaintiffs and the Class Members arise from a set of common wrongs, namely that Defendants followed a standard policy, which it applied to all Plaintiffs and members of the Spread of Hours Class of not paying the required spread of hours pay when Plaintiffs and the Spread of Hours Class Members worked shifts that ended more than ten hours after they began. A question of law and fact common to all members of the Spread of Hours Class is:

1) Whether Defendants violated the NYLL by failing to pay members of the Spread of Hours Class an extra hour of pay at the minimum hourly rate when they worked shifts that ended more than ten hours after they began;

Similarly, there are many questions of law and fact common to the Food Carts Class Members:

1) Whether Defendants violated the NYLL by failing to pay Food Carts Class Members an overtime premium for hours worked in excess of forty in a workweek;

2) Whether Defendants violated the NYLL by failing to provide Food Cart Class Members with an accurate written wage notice at the time that they were hired and/or when their pay rate changed;

3) Whether Defendants violated the NYLL by failing to provide Food Carts Class Members with accurate wage statements;

4) Whether Defendants violated the NYLL by retaining tips that customers paid as gratuities for the Food Carts Class Members.

The answers to each of these common questions "will resolve an issue that is central to the validity of each one of the claims [of Plaintiffs and the Class Members] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Here Plaintiffs and the members of each Class share a common injury caused by Defendants' uniform policy of not following the requirements of the NYLL.

### 3.    Typicality – Rule 23(a)(3)

"The typicality requirement is usually met when 'the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, . . . irrespective of minor variations in the fact patterns underlying individual claims.'" *Murphy v. LaJaunie*, No. 13 Civ. 6503 (RJS), 2015 WL 4528140, at *5 (S.D.N.Y. July 24, 2015) (citing *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993)). "A plaintiff's claims are typical of the class members' claims where the plaintiff's and the class members' 'injuries derive from a unitary course of conduct by a single system.'" *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y. 2010) (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir.1997)). Here Plaintiffs meet the typicality requirement of Rule 23(a)(3) because their "claims arose from the same factual and legal circumstances that form the bases of the class members' claims." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013). Plaintiffs Hegazy and Sror worked serving, selling and preparing food and were subject to the exact same illegal pay and notice policies as the members of both classes. Thus, the Representative Plaintiffs' claims are typical of the claims of the classes they seek to represent and meet the typicality requirements of Rule 23(a)(3).

13

### 4.    Adequacy – Rule 23(a)(4)

The final requirement of Rule 23(a) is that the representative plaintiffs "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Where the 'class representatives are prepared to prosecute fully the action and have no known conflicts with any class member,' the adequacy requirements are met."  *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*, No. 14 Civ. 2636 (LAK) (FM), 2015 WL 4922961, at *5 (S.D.N.Y. June 18, 2015 (quoting *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 125 (S.D.N.Y.2014)).  Additionally, because Plaintiffs Hegazy and Sror were subject to the same common policies and practices to which the members of both the Spread of Hours Class and the Food Carts Class were subject, the same legal arguments and strategies will be used to vindicate their claims.  *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y. 2010) ("The fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class.") (quotation marks omitted).

Here, Plaintiffs Hegazy and Sror, who are prepared to act as class representatives, have no conflict with any members of either class, and will fairly and adequately protect the interests of the classes.  (Harrison Decl. ¶¶ 12-15.)  Moreover, Plaintiffs have already actively participated in the litigation by providing information and documents for the Complaint, maintaining their availability to assist their attorneys in the litigation of the claims of the Class and Collective, and participating in deposition, document, and interrogatory discovery.  (Harrison Decl. ¶ 13.)  To pursue their claims Plaintiffs have retained attorneys who are experienced in wage and hour and class litigation.  (Harrison Decl. ¶¶ 16-24.)  Plaintiffs have thus met the Rule 23(a)(4) adequacy standard.

### 5.    Implied Requirement of Ascertainability

Courts have added an implied requirement that a class be ascertainable to the formal requirements of Rule 23(a). *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*, No. 14 Civ. 2636 (LAK)(FM), 2015 WL 4922961, at *5 (S.D.N.Y. June 18, 2015) ("Although it is not within the express language of Rule 23(a), courts have added an implied requirement of ascertainability with respect to the class definition." (internal quotations omitted)).  In the Second Circuit, this requirement is not demanding and only requires that the members of a class can be determined using objective criteria. *B & R Supermarket, Inc. v. Mastercard International Inc.*, 17-CV-02738 (MKB) (JO), 2021 WL 234550, at *15 (E.D.N.Y. Jan. 19, 2021) ("Unlike other circuits, the Second Circuit does not have a "heightened" requirement of ascertainability—it requires only that a 'class be defined using objective criteria that establish a membership with definite boundaries,' and does not require 'administrative feasibility' of identifying each class member based on that objective criteria.") (citing *In re Petrobras Securities*, 862 F.3d 250, 266 (2d Cir. 2017)).

Ascertainability is a threshold requirement which is easily met in this case.  *See B & R Supermarket, Inc.*, at * 16 ("The Second Circuit has instructed that ascertainability is a 'modest threshold requirement [that] will only preclude certification if a proposed class definition is indeterminate in some fundamental way,' and 'does not directly concern itself with the plaintiffs' ability to offer proof of membership under a given class definition, an issue that is already accounted for in Rule 23.'") (citing *In re Petrobras Securities*, 862 F.3d, at 266)).  Here the class is defined with objective criteria that establish objective boundaries to the class.

### B. Plaintiffs Meet All of the Requirements for Certification Under Rule 23(b)(3)

"In addition to satisfying the four components describing the class and claims under Rule 23(a), Plaintiffs must also satisfy Rule 23(b)." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548 (RLE), 2012 WL 1320124, at *4 (S.D.N.Y. Apr. 16, 2012). Plaintiffs and the Class meet the requirements of Rule 23(b)(3) "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3.

### 1.    Predominance

To satisfy predominance under Rule 23(b)(3), "plaintiff[s] must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Guan Ming Lin v. Benihana N.Y. Corp.*, No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734, at *5 (S.D.N.Y. Oct. 23, 2012 (internal quotation marks omitted) (R&R *adopted by* 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013); *see Roach v. T.L. Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015) ("Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'") (quoting *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir.2013)). "'District courts "have routinely found that common questions predominate in wage and hour actions brought on behalf of a class of employees of the same employer challenging allegedly illegal policies and practices,"'" as is the case in the instant action. *Cazares v. AVA Restaurant Corp.*, 15-CV-0477 (KAM)(RML), 2017 WL 1229727, at *7 (E.D.N.Y. Mar. 31, 2017) (quoting *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2015 WL 5813382, at *5

(S.D.N.Y. Sept. 28, 2015) (quoting *Murphy v. LaJaunie*, No. 13 Civ. 6503 (RJS), 2015 WL 4528140, at *7 (S.D.N.Y. July 24, 2015) (collecting cases).

Individualized damages do not preclude certification of a class on issues of liability. "'Typically, common issues predominate when liability is determinable on a class-wide basis, even where class members have individualized damages.'" *Atakhanova v. Home Family Care, Inc.*, 16-CV-6707 (KAM)(RML), 2020 WL 4207437, at *8 (E.D.N.Y. July 22, 2020) (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 55 (E.D.N.Y. 2019) (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)); *see also In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation.* 330 F.R.D. 11, (E.D.N.Y. 2019) ("Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'") (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)).

After the Supreme Court decision in *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) the Second Circuit reaffirmed "the law of this Circuit . . .that individualized damages determinations alone cannot preclude certification under Rule 23(b)(3)." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 409 (2d Cir. 2015. In *Roach* the District court, based on its interpretation of the Supreme Court decision in *Comcast Corp.*, 133 S.Ct. 1426 had denied class certification because of the existence of individual damages. The Second Circuit clarified that the holding in *Comcast* was narrower: "a model for determining classwide damages relied upon to certify a class under Rule 23(b)(3) must actually measure damages that result from the class's asserted theory of injury." However, "the [Supreme] Court did not hold that proponents of class

17

certification must rely upon a classwide damages model to demonstrate predominance." *Roach*, 778 F.3d at 407. The Second Circuit remanded the case for further analysis because "[t]he Supreme Court did not foreclose the possibility of class certification under Rule 23(b)(3) in cases involving individualized damages calculations." *Id.* at 408.

In the instant case, the Proposed Representatives and the Members of both classes all performed the same type of work. They and the members of the Spread of Hours Class were all subjected to Defendants' uniform policy of not paying spread of hours pay for days where they worked shifts where their workday ended more than ten hours after the start of their workday. Likewise, Defendants did not pay Plaintiffs Hegazy and Sror and the Food Carts Class Members overtime premiums for hours worked in excess of forty in a workweek, illegally retained their tips, and did not provide them with accurate wage statements and wage notices.

Questions of liability, such as those raised in section II(A)(2) *supra*, can all be answered with common proof. Thus Plaintiffs clearly meet the predominance requirement of Rule 23(b)(3)

### 2.    Superiority

Plaintiffs and the Class also satisfy the requirement of Rule 23(b)(3) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Superiority may be shown where a class action "'achieve[s] economies of time, effort, and expense, and promote[s] uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548(RLE), 2012 WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012. (quoting *Myers v. Hertz, Corp.*, 624 F.3d 537, 547 (2d Cir. 2010)).

"'Courts routinely hold that a class action is superior where, as here, potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by the defendants.'"  *Orellana v. One If By Land Restaurant LLC*, 18-CV-7865 (VSB), 2020 WL 5768433, at *8 (S.D.N.Y. Sept. 27, 2020) (quoting *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 126 (S.D.N.Y. 2014).  Here it is unlikely that most class members would bring individual actions on their own behalf because the costs of individual litigation would likely outweigh their recovery.  *Sewell*, 2012 WL 1320124, at *5 ("It is equally appropriate for the Court to consider the financial capacity of class members in considering whether the means exists to enforce their rights outside of the class action.").  Without certification, over a hundred individuals will lose any practical means for obtaining damages stemming from Defendants' illegal conduct.  Furthermore, hundreds of similar lawsuits would be a major burden on the courts if members of the Classes were to bring numerous separate individual actions.  Moreover there would be a real risk of individuals with identical claims receiving contradictory decisions, resulting in a perception of judicial unfairness.

## III.    Plaintiffs' Counsel Should be Appointed as Class Counsel

Prior to appointing class counsel, Rule 23(g) directs the Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g).

Plaintiffs have retained Harrison, Harrison & Associates, attorneys who are qualified and experienced in wage and hour class action litigation.  As set forth in the Harrison Declaration,

HHA has considerable experience litigating large class-actions to successful resolution. (Harrison Decl. ¶¶ 11-18.)  Further, HHA has zealously prosecuted this action and identified the potential claims and has sufficient financial resources to represent the class.  (Harrison Decl. ¶¶ 5-7, 19.)  The Rule 23(g) requirements are thus satisfied by the appointment of Plaintiffs' counsel as class counsel.

## IV    Notice to the Class

Rule 23(c)(2)(B), which applies to classes certified under Rule 23(b)(3), requires the court to "direct to class members the best notice that is practicable under the circumstances." Notice may be accomplished through "United States mail, electronic means, or other appropriate means." *Id.*

In this case Defendants have records of the members of both classes and of their contact information, which includes addresses, phone numbers, and email addresses.  Because the start of the limitations period in this case is 2014, or eleven years ago, Plaintiffs request that class notice by sent to class members by first class U.S.P.S. mail and also be disseminated via text messages with a link to a website with the full class notice.

Attached as Exhibit A to the Declaration of David Harrison is Plaintiffs' proposed Notice of Class Action for the Spread of Hours Class and attached as Exhibit B to the Declaration of David Harrison is Plaintiffs' proposed Notice of Class Action for the Food Carts Class.  Both notices satisfy all the requirements of Rule 23(c)(2)(B).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court (1) certify both the Spread of Hours Class and the Food Carts Class; (2) appoint Named Plaintiffs Ahmed Hegazy and Shrief Sror as class representatives for each class; (3) appoint Plaintiffs' counsel as

class counsel; (4) order Defendants to provide class counsel with a list of members of the Spread of Hours Class and their last known addresses, telephone numbers, and email addresses, and a separate list of members of the Food Carts and their last known addresses, telephone numbers, and email addresses within fourteen days of the grants of class certification; and (4) authorize dissemination of the proposed Spread of Hours notice to Spread of Hours Class Members and dissemination of the proposed Food Carts Class Notice to the Food Carts Class Members via U.S.P.S first class mail and via text message with a link to a website with the complete class notice.

Respectfully submitted,

Dated:       August 27, 2025

By: ___/s/ Julie Salwen_____
David Harrison, Esq.
dharrison@nynjemploymentlaw.com
Julie Salwen, Esq.
jsalwen@nynjemploymentlaw.com
HARRISON, HARRISON & ASSOC., LTD
90 Broad Street, 2nd Floor
New York, NY  10004
(718) 799-9111
(718) 799-9171 (fax)